# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :        Case No. 3:98-cr-081

                                        District Judge Walter Herbert Rice
   -vs-                            Magistrate Judge Michael R. Merz

                                :

KEITH W. DEWITT,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Recuse Judge Rice from further participation in the § 2255 proceedings he has just commenced (Doc. No. 428). Presumably Defendant intends the recusal to carry over to any resentencing if he is granted relief under § 2255.

Although a motion for recusal is a pretrial motion and such motions, with certain statutory exceptions, can be decided by a referral magistrate judge, recusal motions are to be decided by the judge sought to be recused. Even though such a motion is not by statute excluded from magistrate judge consideration, it is appropriate for the Magistrate Judge here only to make a report and recommendations with the ultimate decision left to Judge Rice.

In the Motion to Recuse, Petitioner asserts he is "challenging . . . the issue of whether or [not] he received a fair sentence from this Court." (Amended Motion, Doc. No. 428, Page *Id.* 1496). He asserts Judge Rice has ruled against him multiple times in the twelve-year history of this case and in particular has relied on "acquitted conduct" both on initial sentencing and resentencing. This leads Defendant "to believe that Judge Rice is unable to make an impartial decision in regards to Petitioner's 2255 motion." *Id.* at PageID 1497.

1

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

On its face the Amended § 2255 Motion does not raise the issue of whether the sentence in this case was fair. Ground One claims Petitioner received ineffective assistance of trial counsel when his attorney failed to advise him accurately of the effects of attempting to withdraw his guilty plea (Doc. No. 429, PageID 1503). Ground Two claims ineffective assistance of trial counsel from counsel's failure to present mitigating evidence at the initial sentencing hearing. *Id.,* PageID 1504. Ground Three asserts that *Kimbrough v. United States,* 552 U.S. 85 (2007), is applicable to this case but has not been considered by the District Court. *Id.* PageID 1506[1]. Thus none of the three Grounds for Relief raises even inferentially a question about whether the sentence is fair or whether, assuming this is a different question, Judge Rice acted fairly in imposing the sentence he chose. Moreover, a general claim that the sentence is unfair would not state a claim for relief on a § 2255 Motion because the Constitution does not in so many terms prohibit "unfair" sentences and a § 2255 Motion will lie only to correct constitutional errors. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

---

[1]This third Ground for Relief may be without merit on the face of the record. Defendant repeatedly cited *Kimbrough* to the Court when he sought relief based on amendments to the Sentencing Guidelines (Motion for Reduction of Sentence, Doc. No. 419, PageID 1470, 1471, 1472). The merits question is premature in this Court, however, because of the pendency of a direct appeal. (See contemporaneous Order to Show Cause.)

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003);*Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979). Defendant does not suggest that Judge Rice is biased against him on the basis of anything the Judge has learned outside the confines of this case.

In *Liteky v. United States,* 510 U.S. 540 (1994), the Supreme Court approved the general practice of remanding cases for retrial or resentencing to the same judge who first hear the case. Congress expressly approved having the trial judge consider § 2255 motions when it created § 2255 to replace habeas corpus hearings in the district of imprisonment with these proceedings in the original trial court.

In sum, no basis for recusal can be found in the fact that Judge Rice has been the trial judge assigned to this case for the past twelve years. Furthermore, there is no basis for recusal in Defendant's subjective belief that Judge Rice cannot be impartial. Therefore the Motion for recusal should be denied.

April 24, 2010.

s/ **Michael R. Merz**  
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).