# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 3:98-cr-081

                                  District Judge Walter Herbert Rice
      -vs-                              Magistrate Judge Michael R. Merz

                              :

KEITH W. DEWITT,

       Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 429).  On the Court's Order, the United States has filed an Answer (Doc. No. 441). Defendant is represented by counsel in this case, but when counsel failed to file a reply within the time allowed by law, Defendant filed one *pro se* (Doc. No. 443)[1].

       Defendant pleads the following grounds for relief:

> **Ground One:** Counsel rendered ineffective assistance in failing to give accurate advice.
>
> **Supporting Facts:** Petitioner was not warned, at any time, about the effects of attempting to withdraw his guilty plea.  Petitioner did attempt to withdraw his guilty plea, was denied, and as a result his sentencing range increased from 155-188 months to a term of life in prison
>
> **Ground Two:** Counsel was ineffective at sentencing.

---

[1]Because the Answer was filed October 6, 2010, the reply or traverse was due November 1, 2010.  It was actually filed November 4, 2010.  Mr. Dewitt includes no date of mailing, but the Court will assume the Traverse was mailed on or before November 1, making it timely under the "mailbox" rule.  The Government suffers no prejudice thereby.

>**Supporting Facts:** Trial counsel at the initial sentencing hearing failed to present any evidence in mitigation of sentence, and merely responded to the prosecution's attempts to prove that the Petitioner was in fact guilty of state conduct for which he was acquitted. No evidence was presented as to the Petitioner's lack of criminal history, the fact that Petitioner plead guilty, the fact that a life sentence would be unique under such circumstances, and that the Petitioner had significant family and community ties.
>
>**Ground Three:** Newly developed case law warrants a new sentencing proceeding.
>
>**Supporting Facts**: Kimbrough v. United States is applicable in the Defendant's case, but has not been considered by the District Court.

(Motion, Doc. No. 429, PageID 1503-1506.)

## Procedural History

Defendant Keith Dewitt was indicted on drug trafficking, money laundering, and tax crimes in 1998 (Indictment, Doc. No. 1). After trial commenced, Defendant entered into a Plea Agreement with the United States on January 20, 2000 (Doc. No. 220). Before sentencing, but proceeding *pro se*, Defendant moved to vacate his plea on July 11, 2000 (Doc. No. 247). On November 8, 2000, Judge Rice reaffirmed appointment of attorney Charles McKinney to represent Defendant on the Motion to Withdraw Plea (Doc. No. 269); Mr. Dewitt had filed another *pro se* Motion to Withdraw Plea the previous day (Doc. No. 268). On June 8, 2001, in advance of any hearing, Mr. McKinney moved to withdraw (Doc. No. 285). A hearing on the Motion(s) to Withdraw was held July 23-24, 2001 (Doc. No. 291). Following an interlocutory appeal, Judge Rice denied Mr. Dewitt's Motion to Withdraw Plea on September 19, 2002 (Doc. No. 321). A sentencing hearing was held on April 28-29, 2003 (Doc. Nos. 347, 348). On January 30, 2004, Judge Rice sentenced Defendant to life imprisonment (Doc. No. 368, 369).

On appeal, the Sixth Circuit vacated the sentence in light of *United States v. Booker* and

remanded for resentencing. *United States v. Dewitt*, 145 Fed. Appx. 980, 982 (6th Cir. 2005). Judge Rice again sentenced Defendant to life imprisonment (Doc. Nos. 405, 407) and the Court of Appeals affirmed. *United States v. Dewitt*, 304 Fed. Appx. 365 (6th Cir. 2008). On April 24, 2009, Defendant moved the Court to lower his crack cocaine guideline sentence pursuant to Amendment 706 to the Guidelines (Doc. No. 419). Judge Rice declined to do so (Doc. No. 424) and the Court of Appeals affirmed after the instant Amended Motion had been filed (Doc. No. 435).

### Ground One

In Ground One Mr. Dewitt

> [S]ubmits that his attorney provided him with erroneous advice both before and after his guilty plea. Specifically, counsel never warned him, either prior to his entering of the guilty plea, or any time after the plea, about the effects of any attempt to withdraw his plea. The Petitioner, who was unfamiliar with federal criminal procedure, believed that he would be permitted to withdraw his plea for good reason, without consequence, at any time prior to sentencing. The Petitioner discussed with counsel his desire to withdraw his plea shortly after he plead guilty. Counsel did inform him he should not withdraw his plea, but counsel failed to warn the Petitioner about any of the effects of attempting to withdraw his plea, including: (1) the withdrawal of acceptance of responsibility, (2) the use of relevant conduct, including acquitted counts, in imposing the sentence, and (3) the possibility of receiving a substantially higher sentence. The Petitioner submits that had counsel provide him with the true circumstances which would ensue upon attempting to withdraw the plea, he would not have attempted to do so, but would have instead proceeded to trial.

(Amended Motion, Doc. No. 429, PageID 1514-1515.)

At the time of trial and of the guilty plea (January, 2000), Mr. Dewitt was represented by attorney Lawrence Greger (See Transcript, Doc. No. 294). Although the Amended Motion does not say so, it is presumably Mr. Greger's conduct of which Mr. Dewitt is complaining. At the time he filed the Motion to Withdraw, which he admits was against counsel's advice, Mr. Dewitt also asked the Court to replace Mr. Greger (Doc. Nos. 247, 249), not because of lack of advice about the

3

inadvisability of withdrawing the plea, but because Mr. Greger allegedly did not tell him how bad the PSI could be with the plea in place. Already at that time the probation officer and the prosecutor were arguing for enhancements based on denial of responsibility and enhanced role (See Doc. No. 247). Those arguments did not come later as a consequence of the attempt to withdraw the plea, but before any attempt to withdraw was filed. In other words, Mr. Dewitt is complaining that he got good advice from Mr. Greger – do not attempt to withdraw the plea – but an insufficiently persuasive explanation of the reasons why. Mr. Dewitt now wants to hold the United States responsible, under the Sixth Amendment, for the fact that he did not follow the admittedly good advice he received from Mr. Greger.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the

4

> defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Applying the *Strickland* to the facts noted above makes it evident that Mr. Dewitt's claim fails on both prongs of the test. It was not deficient performance to advise Mr. Dewitt not to attempt to withdraw his guilty plea; indeed, Mr. Dewitt admits it was good advice, although he was not persuaded to follow it. The higher sentence, loss of credit for not accepting responsibility, and enhancement for role in the offense were all consequences of the crimes, already threatened in the PSI which had already been provided to Defendant in draft form before he moved to withdraw. To the extent Judge Rice adjusted the guideline range after a hearing, there is simply no evidence that Judge Rice made those findings or was authorized to make those findings because of the attempt to withdraw the guilty plea.

In his Traverse, Mr. Dewitt seems to be arguing that his real first ground for relief is that this Court erred in not permitting him to withdraw his guilty plea because the plea was made with ineffective assistance of counsel (See *Id*., Doc. No. 443, PageID 1623-1624). That claim, if it is indeed the claim Mr. Dewitt wishes to make, is procedurally defaulted by his failure to raise it on appeal. *United States v. Dewitt*, 304 Fed. Appx. 365 (6th Cir. 2008).

The first Ground for Relief should be denied on the merits.

**Ground Two**

In Ground Two Petitioner asserts his counsel at the first sentencing hearing was ineffective for failing to introduce evidence in mitigation that allegedly would have shown:

> (1) the Petitioner's lack of criminal history, (2) the fact that the Petitioner plead guilty, (3) the fact that in the District, a life sentence under such circumstances was unique, and (4) that the Petitioner had significant family and community ties.

(Amended Motion, Doc. No. 429, PageID 1516.)  By the time of the first sentencing, Mr. Greger had been replaced by appointed attorney James Fleisher (See Motion for Downward Departure, April 21, 2003, Doc. No. 338).  Mr. Fleisher did file a motion for downward departure (*Id...*) and lengthy objections to the final presentence report (Doc. No. 341), as well as a post-sentence motion for modification (Doc. No. 375).

Mr. Dewitt can show no prejudice from failure to present the facts mentioned above because all of them were in fact known to the Court.  The lack of criminal history, the guilty plea, and the family and community ties were in the PSI report.  Judge Rice also knew from having taken it that the Defendant pleaded guilty and of the family ties from the many motions for visits with family that he considered.  Given the facts which make the sentence unusual – Judge Rice's finding that, although acquitted in state court, Mr. Dewitt had committed an execution-style murder in furtherance of a drug conspiracy – are not the sort of facts prudently pointed to in mitigation.  A life sentence for drug trafficking is unusual in this community, but Judge Rice knew from the evidence why this case was appropriately treated differently.

Moreover, even if Mr. Fleisher had performed deficiently, the point is moot because the first-imposed sentence in this case was vacated and the case was remanded for resentencing.  *United States v. Dewitt*, 145 Fed. Appx. 980, 982 (6th Cir. 2005).  Thus Mr. Dewitt is not serving a sentence based on the first sentencing hearing, but a sentence imposed on remand, by which time Mr. Fleisher

had been replaced as counsel (Doc. No. 398). Anything which had been inappropriately omitted by Mr. Fleisher could have been provided on re-sentencing by new counsel, Kevin Schad.

Mr. Dewitt's second ground for relief is therefore without merit.

### Ground Three

In *Kimbrough v. United States,* 552 U.S. 85 (2007), the Supreme Court held that a district court was within its discretion to conclude that the 100-1 powder to crack ratio in the Anti-Drug Abuse Act of 1986 would yield a sentence greater than necessary to achieve the purposes of sentencing in 18 U.S.C. § 3553(a).

The Amended Judgment which imposed the sentence Mr. Dewitt is now serving was entered July 31, 2006, after *United States v. Booker*, 543 U.S. 220 (2005)[2], but before *Kimbrough*. Mr. Dewitt did not argue to Judge Rice before resentencing that the Judge had discretion to ignore the 100 to 1 ratio (See Sentencing Memoranda, Doc. Nos. 402, 404). Nor did he argue on appeal that Judge Rice had such discretion but declined to exercise it. *United States v. Dewitt*, 304 Fed. Appx. 365 (6th Cir. 2008)(Copy at Doc. No. 441). Thus if the holding in *Kimbrough* had been that a district judge must consider the possibility that the 100 to 1 ratio is inappropriate, Mr. Dewitt would have procedurally defaulted on that claim by never raising it in either this Court or the Court of Appeals. See *United States v. Frady*, 456 U.S. 152 (1982).

Moreover, that is not the holding in *Kimbrough*. The Supreme Court held it was not an abuse of discretion to reconsider the 100 to 1 ratio, not that it was mandatory for a district court to do so.

Accordingly, Defendant's third ground for relief is also without merit.

---

[2]Indeed, the remand in this case was to re-sentence in light of *Booker*.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Amended Motion be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is further recommended that Defendant be denied any requested certificate of appealability and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should therefore not proceed *in forma pauperis*.

November 13, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).