# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,        :        Case No. 3:98-cr-081

                                              District Judge Walter Herbert Rice

    -vs-                            Magistrate Judge Michael R. Merz

                                      :

KEITH W. DEWITT,

       Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND OR VACATE JUDGMENT

       This case is before the Court on Defendant's *pro se* Motion to Amendment [sic] or Vacate Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 449). The Motion is accompanied by a separate letter from Defendant requesting – for the first time – that A. Aaron Arledge be discharged as his attorney in this case. The Magistrate Judge has ordered that letter separately docketed as a motion and it is granted. Defendant has the right to proceed *pro se*.

       However, as the Magistrate Judge advised him on October 7, 2010, Petitioner is not entitled to proceed both with counsel and *pro se* at the same time. He blames his delay in this case on the incompetence of his chosen counsel, but there is no constitutional right to effective assistance of counsel after the first appeal of right.

       The Magistrate Judge filed the Report and Recommendations on the merits on November 15, 2010, and they were disseminated to counsel electronically and thus received the same day. On November 24, 2010, Mr. Arledge sent Mr. Dewitt a copy of the R&R and mistakenly told him he had thirty days to appeal to the Sixth Circuit (See letter attached to Doc. No. 449). Mr. Dewitt states

1

he received the R&R on or about November 26, 2010. *Id.* Of course, the R&R itself tells him he has seventeen days from the date of filing to make his objections, that is, by December 2, 2010 (See Notice Regarding Objections, PageID 1634). Being imprisoned, Mr. Dewitt is entitled to the benefit of the "mailbox" rule in *Houston v. Lack,* 487 U.S. 266 (1988), so his Objections would have been timely if they had been mailed by December 2, 2010. They were in fact not mailed until December 3, 2010 (See Objections, PageID 1642). The Objections were stricken because they were filed *pro se* and because they were untimely (Order, Doc. No. 448).

A motion to amend or vacate judgment under Fed. R. Civ. P. 59(e) must be made no later than twenty-eight days after judgment. Because judgment was entered here on December 6, 2010, Defendant's Motion, filed December 27, 2010, is timely.

However, the Motion is without merit. Mr. Dewitt appears to be arguing in the Motion the same points made in his Objections. But in the Objections, having lost on his original claims of ineffective assistance of trial counsel, he tries to shift ground and argue different ineffective assistance of trial counsel claims. For example, in Ground One for Relief, he argued attorney Lawrence Greger gave him bad advice, both before and after he pled guilty, about the effect of attempting to withdraw the guilty plea (Amended Motion, Doc. No. 429, PageID 1514-1515, quoted in R&R at PageID 1629). In the Objections, however, he seems to claim Mr. Greger was ineffective in advising him to plead guilty in the first place (Objections, Doc. No. 447, PageID 1639). He now says Mr. Greger was also ineffective in failing to hire an investigator, failing to secure a "condition plea" to preserve some of the pre-trial motions, and failing to utilize any language from Fed. R. Crim. P. 11(e). *Id.* But these grounds for relief were not ever pled or otherwise brought to the Court's attention before the Report and Recommendations were filed or the District Judge adopted them.

To allow a § 2255 movant to raise entirely new arguments after judgment would be well

beyond the scope of Fed. R. Civ. P. 59 and would also violate § 2255(h) and 28 U.S.C. § 2244 which requires prior permission from the Court of Appeals before filing a subsequent § 2255 motion. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

It is therefore respectfully recommended that Defendant's Fed. R. Civ. P. 59(e) Motion be denied. Because reasonable jurists would not disagree with this conclusion, Defendant should also be denied any certificate of appealability from the denial and leave to appeal *in forma pauperis*.

December 27, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).