# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                :        Case No. 3:98-cr-081

                                        District Judge Walter Herbert Rice
      -vs-                               Magistrate Judge Michael R. Merz

                                :

KEITH W. DEWITT,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO AMEND OR VACATE JUDGMENT; DENIAL OF REQUEST FOR RECUSAL

This case is before the Court on Defendant's Objections (Doc. No. 452) to the Magistrate Judge's Report and Recommendations recommending that Defendant's Motion under Fed. R. Civ. P. 59 be denied (Doc. No. 451). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The following chronology is important:

- November 15, 2010, the Magistrate Judge filed his Report and Recommendations on the merits of Dewitt's § 2255 Motion, recommending that it be denied (Doc. No. 444). The R&R was served electronically on Mr. Dewitt's attorney, A. Aaron Arledge. The Notice at the end of the R&R says the Petitioner has seventeen days to file objections and that time "may be extended further by the Court on timely motion for an extension." (PageID 1634)

- November 24, 2010, Arledge sent Dewitt a letter enclosing the R&R and stating, mistakenly, that Dewitt had thirty days to appeal to the Sixth Circuit (Ex. 1 to Doc. No. 449, PageID

1

1647).

- November 26, 2010, Dewitt received the R&R (admitted at PageID 1645).

- December 2, 2010 - the seventeenth day after the R&R was filed and the sixth day after Dewitt received the R&R.

- December 3, 2010 - Dewitt deposited his Objections for mailing (PageID 1642).

On December 9, 2010, the day after they were actually received at the Clerk's office, the Magistrate Judge struck the Objections because they were (1) filed *pro se* by Dewitt while he was still represented by counsel and (2) untimely (Order, Doc. No. 448).

Dewitt filed his Fed. R. Civ. P. 59 motion, asserting he was entitled to relief from the judgment dismissing his § 2255 proceeding on the merits on grounds that:

1. The Magistrate Judge never conducted a hearing, although authorized to do so by the General Order of Reference and 28 U.S.C. § 636(b);

2. Dewitt did not receive a copy of the R&R until November 26, 2010, because "the Magistrate Judge did not consider and adhere to common law principles" including that there is no constitutional right to counsel in § 2255 proceedings.

3. Retained counsel was incompetent.

4. The Objections were mailed on December 3, 2010, which was within the time allowed or Dewitt should be granted equitable tolling or the Objections were timely under the mailbox rule.

In recommending that the Court deny the Fed. R. Civ. P. 59 Motion, the Magistrate Judge noted that Mr. Dewitt had been previously reminded that he could not proceed both *pro se* and with counsel and thus notice to his attorney counted as notice to him (Report and Recommendations, Doc. No. 451, "Rule 59 R&R"). The Rule 59 R&R also points out that the Objections would have been timely under the mailbox rule if mailed on December 2, 2010, but were not timely when mailed on

December 3, 2010. *Id.* PageID 1650. Finally, the Rule 59 R&R notes that Dewitt is shifting ground on what his actual claims of ineffective assistance of trial counsel are against his trial attorney, Lawrence Greger. *Id.*

In his Objections to the Rule 59 R&R, Dewitt says the Court has never acknowledged that he received deficient performance from Mr. Arledge. That is not so. The Rule 59 R&R says on its face that Arledge mistakenly told Dewitt he could appeal to the Sixth Circuit from the Merits R&R (PageID 1649). The point is that Mr. Arledge's mistake does not excuse Mr. Dewitt's failure to file objections on time. Except in situations where the client is constitutionally entitled to the effective assistance of counsel, clients are responsible for their lawyers' mistakes. *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380 (1993). The Sixth Amendment does not provide entitlement to counsel in a § 2255 proceeding, as Mr. Dewitt knows from citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); see also *Gulertekin v. Tinnelman-Cooper,* 340 F.3d 415, 425 (6th Cir. 2003).

Mr. Dewitt also argues the Rule 59 R&R is "anomalous, *per se,* and more than less submitted in bad faith because it is unrestrained and unnecessary," citing 28 U.S.C. § 636(b). However, § 2255 matters are referred to the magistrate judges at Dayton for all proceedings, including post-judgment motions such as the instant Fed. R. Civ. P. 59 motion. Because it is a post-judgment motion, it must receive a report and recommendations under 28 U.S.C. § 636(b)(3). Thus filing a report and recommendations on this Motion was part of what the Magistrate Judge is ordered to do by the General Order of Reference.

As part of the conclusion to his Objections, Mr. Dewitt asks the District Court to remove the Magistrate Judge from future proceedings in this case "because the unfounded remarks in regards to Petitioners counsels 'mistake' is cognizable misconduct in violation of the Code of Judicial Conduct that is also demonstrative of actual bias when viewed alongside the egregious explaination [sic] of Petitioners *pro se* pleadings," citing *Regents of the Univ. of New Mexico v. Knight*, 321 F.3d

3

1111, 1127-1128 (Fed. Cri. 2003); and *Fajards Shopping Center, S.E. v. Sun Alliance Ins. Co.*, 167 F.3d 1, 6 (1st Cir. 1999).

     A request for recusal is, by law, directed in the first instance to the judge sought to be removed from a case. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

     Mr. Dewitt does not say what provision of the Code of Judicial Conduct he alleges I have violated. I believe the record shows that my analysis of Mr. Dewitt's attempted *pro se* filing while he had retained counsel are accurate, respectful, and in accordance with the law. I am not aware of treating Mr. Dewitt any differently on this issue than I have treated any other litigant and indeed as I understand is my duty to treat litigants who have counsel representing them. For obvious reasons, the Court is entitled to insist that every party to a case speak with one voice. At the other end of the spectrum, those parties who are able to afford more than one attorney are still required to designate one of them as the trial attorney and that lawyer must sign every paper filed. S. D. Ohio Civ. R. 83.4.

The two cases cited by Dewitt have nothing to do with removal of a judge on claims of bias; instead, they relate to the propriety of appointment of special masters. The Magistrate Judge is not serving in this case as a special master.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that Defendant's Fed. R. Civ. P. 59 Motion be denied and that he be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 10, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).