# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,               :        Case No. 3:98-cr-081
                                                  Also Case No. 3:12-cv-183

                                                  District Judge Walter Herbert Rice
       -vs-                                Magistrate Judge Michael R. Merz
                                 :

KEITH DEWITT, SR.,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside or Correct a Sentence (Doc. No. 458).

In asserting his Motion is timely, Petitioner relies on the fact that *DePierre v. United States*, 131 S. Ct. 2225 (2011) was decided on June 9, 2011, and the instant Motion was deposited with prison authorities for mailing to the Court on June 4, 2012, within one year from the *DePierre* decision. Although the Motion did not reach the Court until June 13, 2012, Dewitt is entitled to the benefit of the mailbox rule adopted in *Houston v. Lack,* 487 U.S. 266 (1988); *see also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or a §2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). The Motion is thus timely if *DePierre* "initially recognized" the right asserted in this case and made it "retroactively applicable to cases on collateral review."

1

*DePierre*, however, does not recognize any new right at all. What it holds is that the statutory term "cocaine base" in 21 U.S.C. § 841(b)(1) includes all forms of cocaine base rather than only one particular type of cocaine base, as Defendant DePierre had contended. Dewitt derives from *DePierre* the conclusion that:

> [A] District Court can only consider a penalty enhancement under section § 841(b)(iii), when a specified amount of cocaine base or crack cocaine is charged and/or proven beyond a reasonable doubt. If that finding is not part of the record of conviction, *DePierre* holds that the defendant has not been convicted under § 841(b)(1)(A)(iii) and/or § 841(b)(1)(B)(iii) of the Controlled Substance [sic] Act of 1987. In other words, *DePierre* narrowed the scope of 21 U.S.C. § 841 by interpreting the term "cocaine base" in § 841(b)(iii) to decriminalize certain individuals who would otherwise have been aggravated violators under § 841(a)(1) – it alters the "class of person that the law punishes."

(Motion, Doc. No. 458, PageID 2238.) Dewitt has completely misread *DePierre*. It does not decriminalize any conduct at all. Nor was Dewitt's sentence enhanced under 21 U.S.C. § 841(b)(1)(B)(iii). Instead, as Judge Rice held in dealing with Dewitt's objections to the Presentence Investigation Report:

> Although the Defendant will be sentenced under 21 U.S.C. § 841(b)(1)(A), there is no need for the Government to establish the amount of drugs for which he is responsible with proof beyond a reasonable doubt, since he plead guilty to Count 1 of the Indictment, which charged him with conspiring to possess with intent to distribute and to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine (including cocaine base). The most severe statutory penalty for a drug distribution offense is that set forth in § 841(b)(1)(A), which imposes a sentence of not less than 10 years nor more than life imprisonment for a drug offense involving either one kilogram of heroin or five kilograms of cocaine. Courts have held that a defendant may be sentenced in accordance with § 841(b)(1)(A), without the need to establish the amount of drugs for which the defendant is responsible, with proof beyond a reasonable doubt, when the Indictment charges and a

> defendant pleads guilty to an offense involving an amount of drugs which brings the offense within § 841(b)(1)(A). See United States v. Lujan, 268 F.3d 965 (10th Cir. 2001); United States v. Singleton, 2002 WL 31716636 (10th Cir. 2002); United States v. Henderson, 2001 WL 884713 (7th Cir. 2001), cert. denied, 534 U.S. 1094 (2002). Since the Defendant plead guilty to a drug offense involving one kilogram of heroin and five kilograms of cocaine, he is subject to a sentence of from 10 years to life, without need for the Government to establish the amount of drugs for which the Defendant is responsible with proof beyond a reasonable doubt.

(Decision and Entry, Doc. No. 362, n.4, PageID 541-542.) *DePierre* has no impact on the law relied on by Judge Rice in sentencing; it does not address sentencing under § 841(b)(1)(A).

Even if Dewitt were correct that *DePierre* recognized a new right and made it retroactive, he could not proceed in this Court without prior permission from the Court of Appeals if his motion is a "second or successive" motion under § 2255. 28 U.S.C. § 2255(h) requires such permission.

As the record reflects, Defendant filed an Amended Motion to Vacate under 28 U.S.C. § 2255 on April 21, 2010 (Doc. No. 429). The Magistrate Judge recommended dismissing that Motion with prejudice (Report and Recommendations, Doc. No. 444), Judge Rice adopted that Report (Doc. No. 445), and the Sixth Circuit denied Dewitt a certificate of appealability, *Dewitt v. United States*, Case No. 11-4239 (6th Cir. Apr. 16, 2012)(unreported, copy at Doc. No. 457). Without question, the prior Motion was decided on the merits, making the instant § 2255 Motion a second or successive motion. Therefore the instant Motion should be denied without prejudice to its renewal if Dewitt obtains permission to proceed from the Sixth Circuit. The conclusion that this is a second or successive Motion would not be debatable among reasonable jurists, so Dewitt should be denied a certificate of appealability on that issue. Because any appeal on that question would be objectively frivolous, this Court should certify to the Sixth Circuit that no appeal should

be allowed *in forma pauperis*.

June 15, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).