IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :

    Plaintiff,　　　　　　　　　　　　　Case Nos. 3:98-cr-81, 3:13-cv-206

v.　　　　　　　　　　　　　　　　:

KEITH DEWITT, SR.,　　　　　　　　JUDGE WALTER H. RICE

    Defendant.　　　　　　　　　　　:

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #474) AND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #478) IN
THEIR ENTIRETY; OVERRULING DEFENDANT'S OBJECTIONS
THERETO (DOCS. ##476, 479); DISMISSING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
(DOC. #473); DENYING ANTICIPATED REQUEST FOR CERTIFICATE
OF APPEALABILITY AND MOTION FOR LEAVE TO APPEAL *IN FORMA
PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his March 22, 2013, Report and Recommendations (Doc. #474), in his April 29, 2013, Supplemental Report and Recommendations (Doc. #478), and in his Decision and Order Denying Motion to File Late Objections (Doc. #480), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filings in their entirety, and OVERRULES Defendant's Objections thereto (Docs. ##476, 479).

The Magistrate Judge properly denied Defendant leave to file late Objections to the Supplemental Report and Recommendations, Doc. #479. However, even if those Objections are considered, they must be overruled on the merits for the reasons set forth by the Magistrate Judge. Doc. #480.

The Court further notes that, on June 26, 2013, the Sixth Circuit Court of Appeals joined other circuits in deciding that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), do not apply retroactively to cases on collateral review. *See In re Liddell*, --F.3d--, 2013 WL 3752659, at *1 (6th Cir. 2013) ("as held by every other circuit to consider the issue, neither *Frye* nor *Cooper* created a 'new rule of constitutional law' made retroactive to cases on collateral review by the Supreme Court. *In re Graham,* 714 F.3d, 1181, 1183 (10th Cir. 2013) (per curiam); *Gallagher v. United States,* 711 F.3d 315, 315–16 (2d Cir. 2013) (per curiam); *Williams v. United States,* 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *Buenrostro v. United States,* 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King,* 697 F .3d 1189, 1189 (5th Cir. 2012) (per curiam); *Hare v. United States,* 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez,* 682 F.3d 930, 933–34 (11th Cir. 2012) (per curiam)).

For the reasons set forth by Magistrate Judge Merz, the Court DISMISSES Defendant's Third Motion to Vacate Under 28 U.S.C. § 2255 (Doc. #473)

WITHOUT PREJUDICE to its refiling if Defendant receives permission from the Sixth Circuit as required by 28 U.S.C. § 2255(h)(2).[1]

Given that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Defendant is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 22, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] On August 14, 2013, Defendant filed a Notice of Appeal from this Court's August 5, 2013, Decision and Entry Ruling on *Apprendi* Issue as Raised in Defendant's January 15, 2013, Letter to Court. The filing of a Notice of Appeal generally divests the district court of jurisdiction, but only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because the issue on appeal does not overlap with the issues presented in Defendant's Motion to Vacate Under 28 U.S.C. § 2255, there is no jurisdictional barrier to adjudicating the § 2255 motion.

3