IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :
    Plaintiff,
                                           Case No. 3:98-cr-81(1)
v.  :
KEITH DeWITT, SR.,              JUDGE WALTER H. RICE
    Defendant.  :

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 28
U.S.C. § 3582(c)(2) (DOC. #489)

---

This matter is currently before the Court on Defendant Keith DeWitt's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), Doc. #489. DeWitt pled guilty to Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and Cocaine (Count 1), Money Laundering (Count 4), and Making a False Statement on a Federal Income Tax Return (Count 6). In January of 2004, he was sentenced to life in prison on Count 1, 240 months on Count 4, and 36 months on Count 6, all to run concurrently. In imposing that sentence, the Court made a factual finding that, despite the fact that he was acquitted in state court, DeWitt had, in fact, murdered Ike Washington and aided and abetted the murder of Shea Stevens in the course of the drug conspiracy.

DeWitt was resentenced on July 17, 2006, after the Supreme Court decided the case of *United States v. Booker*, 543 U.S. 220 (2005), holding that the Sentencing Guidelines are advisory only. The undersigned rejected DeWitt's argument that the Court can no longer rely on acquitted conduct in determining an appropriate sentence. The Court explained that it had not used the relevant acquitted conduct to enhance the advisory sentencing guideline range of 360 months to life, but rather to determine, where in that continuum the sentence should be imposed. The Court reimposed the same sentence it had previously imposed. Doc. #407.

On April 24, 2009, Defendant filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), Doc. #419. That statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Citing Amendment 706 to the United States Sentencing Guidelines, which retroactively lowered the base offense level for crack cocaine convictions by two levels, and produced a new advisory sentencing guideline range of 292-365 months, DeWitt asked the Court to reduce his sentence. The Court

overruled his motion. It held that, although DeWitt was eligible for a reduction, he still represented "a serious danger to the safety of the community." Doc. #424.

On January 20, 2016, DeWitt filed another § 3582(c)(2) Motion to Reduce Sentence under the Fair Sentencing Act of 2010, which further reduced the base offense level for crimes involving crack cocaine. Doc. #489. The accompanying retroactive Amendments 750 and 759 to the United States Sentencing Guidelines would result in DeWitt's total offense level being reduced from 42 to 38. With a Criminal History Category of I, DeWitt's new advisory sentencing guideline range would be 235-293 months. DeWitt asks that the Court ignore his acquitted conduct, take into account his post-arrest rehabilitation efforts, and reduce his sentence on Count 1.[1]

The United States has filed a Memorandum in Opposition to Defendant's Motion to Reduce Sentence, Doc. #506. It objects to any reduction to DeWitt's sentence, again citing public safety concerns. The United States acknowledges that DeWitt "may have made some strides within the penal system," but agrees with the Court's earlier assessment that "the Defendant's conduct while within the institution does not outweigh the serious risk that this Court has concluded

---

[1] DeWitt also cites to certain promises that the United States Attorney allegedly made in the Plea Agreement. According to DeWitt, the United States agreed that he would be able to benefit from any subsequent changes in the law. This same argument is included in another document, entitled "Addendum: 18 U.S.C. § 3582(c)(2) Fair Sentencing Act of 2010," Doc. #498, filed by DeWitt. As discussed in a separate Decision and Order, which will be filed contemporaneously, because the Court construes this "Addendum" as a successive motion to vacate, it will be transferred to the Sixth Circuit.

3

Defendant represents to the community." *Id.* at PageID#2505 (quoting Doc. #424, PageID#1484). The United States notes that the amendments were intended to provide relief to *non-violent* drug offenders, a category inapplicable to this defendant.

As before, the Court finds that, although DeWitt is eligible for a reduced sentence, no reduction is warranted in this case. Having reviewed the case file in light of the advisory Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the Court continues to believe that DeWitt poses such a serious danger to society that a life sentence is sufficient, but not greater than necessary to hold him accountable for his actions and to protect the public.

Accordingly, the Court OVERRULES Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), Doc. #489. This ruling is WITHOUT PREJUDICE to renewal should the Sixth Circuit find that DeWitt's "Addendum" to his Motion to Reduce Sentence, Doc. #498, which the Court construes as a second or successive motion to vacate under § 2255, satisfies the requirements of 28 U.S.C. § 2244(b).

Date: May 7, 2018

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE