IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. : Case No. 3:98-cr-81(1)

KEITH DeWITT, SR., : JUDGE WALTER H. RICE

    Defendant. :

---

TRANSFER ORDER

---

On January 20, 2016, Defendant Keith DeWitt, Sr., filed a motion, under 28 U.S.C. § 3582(c)(2), to reduce his sentence based on the Fair Sentencing Act and Amendments 750 and 759 to the United States Sentencing Guidelines. Doc. #489.

While that motion was still pending, he filed another document entitled "Petition to Compel Performance of Plea Agreement," Doc. #493. United States Magistrate Judge Michael Merz construed this document as a second or successive motion to vacate under 28 U.S.C. § 2255, and transferred it to the Sixth Circuit for consideration of whether DeWitt met the standards of 28 U.S.C. § 2244(b). Doc. #494.

DeWitt then wrote to the Clerk of Court, arguing that his "Petition to Compel Performance of Plea Agreement" should not have been docketed as a

motion to vacate. He requested that it be filed as an "Addendum" to his pending motion to reduce his sentence. Doc. #495. Magistrate Judge Merz denied this request, noting that "[w]hen the relief sought is specific enforcement or vacation of the judgment, the remedy, if any, is under § 2255, whatever label is put on the paper." Doc. #496, PageID#2462.

Thereafter, on November 22, 2016, the Sixth Circuit issued an Order granting DeWitt's request to voluntarily dismiss the transferred application pursuant to Fed. R. App. P. 42(b). The Order did not indicate whether this dismissal was with or without prejudice.[1] Doc. #497.

On January 26, 2017, DeWitt filed a document entitled "Addendum: 18 U.S.C. § 3582(c)(2) Fair Sentencing Act of 2010," Doc. #498. With the exception of the first two paragraphs, the conclusion, and an additional request that the Court consider his post-arrest rehabilitative conduct, this "Addendum" is nearly identical to the Petition to Compel Performance of Plea Agreement, Doc. #493, which the Court previously construed as a second or successive motion to vacate.

For the reasons set forth by Magistrate Judge Merz in the previous Transfer Order, Doc. #494, the Court likewise construes this "Addendum" as a second or successive motion to vacate under § 2255. Accordingly, it is once again

---

[1] This Court makes no determination on the question of whether the dismissal was with or without prejudice, but will leave it to the Sixth Circuit to decide.

2

TRANSFERRED to the Sixth Circuit Court of Appeals for consideration of whether DeWitt satisfies the requirements of 28 U.S.C. § 2244(b).[2]

Date: May 7, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] Contemporaneously with this Transfer Order, the Court has issued a Decision and Entry Overruling Without Prejudice Defendant's Motion to Reduce Sentence Pursuant to 28 U.S.C. § 3582(c). The Clerk is directed to send a copy of that Decision and Entry to the Sixth Circuit along with this Transfer Order. Should the Sixth Circuit determine that DeWitt has satisfied the requirements of § 2244(b), DeWitt may refile his Motion to Reduce Sentence.

3