**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

     Plaintiff,  :  Case No. 3:98-cr-081
              Also Case No. 3:12-cv-183

              District Judge Walter H. Rice
 - vs -          Magistrate Judge Michael R. Merz

KEITH DEWITT, SR.,

     Defendant.  :

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS; DECISION AND ORDER GRANTING ALTERNATIVE MOTION TO STAY

  This criminal case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re Keith W. Dewitt, Sr.*, Case Nos. 18-3604 and 18-3605 (6th Cir. Oct. 30, 2018)(unreported; copy at ECF No. 516).

  This Court had transferred Defendant's Petition to Compel Performance of Plea Agreement (ECF No. 493) and Defendant's "Addendum: 18 U.S.C. § 3582(c)(2) Fair Sentencing Act of 2010" (ECF No. 498) to the Sixth Circuit as second or successive motions under 28 U.S.C. § 2255 (ECF Nos. 494, 508). The Sixth Circuit disagreed with this Court's determination that these two filings were "second or successive" because they rely on conduct by the United States – its opposition to Dewitt's Motion to Reduce Sentence -- which occurred six years after Dewitt filed

1

his initial Motion to Vacate under 28 U.S.C. § 2255. The Sixth Circuit did not disagree, however, with this Court's underlying determination that the two Motions in question were effectively motions under § 2255. (See Transfer Order, ECF No. 494, PageID 2458; Transfer Order, ECF No. 508, PageID 2514-15.)

Upon remand, the Magistrate Judge ordered the Government to file an answer (ECF No. 517). Instead, the Government moved to dismiss the two motions without prejudice or stay their adjudication pending the outcome of Dewitt's pending appeal to the Sixth Circuit in Case No. 18-3501 (ECF No. 519). Dewitt has responded with a "Petition to Proceed, Without Delay, to Adjudicate Upon the Merits of the Interpretation of the Plea Agreement and the United States Breach of that Agreement." (ECF No. 525). The Government's Motion is therefore ripe for decision.

A Motion to Dismiss involuntarily is a dispositive motion, requiring a report and recommendation from an assigned Magistrate Judge. A Motion to Stay is a non-dispositive pretrial motion on which an assigned Magistrate Judge has initial decisional authority, subject to review by the District Judge. 28 U.S.C. § 636(b).

## Analysis

The Government seeks to have the two pending Motions denied without prejudice or stayed pending a decision in Sixth Circuit Case No. 18-3501 (Motion, ECF No. 519). Defendant has responded to that Motion (ECF No. 525), but has said nothing about the pending appeal.

The Government cites extensive authority proscribing a District Court's adjudicating a § 2255 motion while a direct appeal of the conviction is pending. The leading case appears to be

*Capaldi v. Pontesso,* 135 F.3d 1122 (6th Cir. 1998), where the Sixth Circuit adopted the rule espoused by multiple Circuits:

> [I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal. *See United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a section 2255 action is improper during the pendency of an appeal from the conviction."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) ("Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."). An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. *Davis,* 604 F.2d at 484. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary. 604 F.2d at 484-485.

*Capaldi*, *supra* at 1124.

Dewitt's pending appeal is not a direct appeal of the conviction. No such appeal occurred. Rather, the pending appeal is from this Court's denial of Dewitt's second motion for sentence reduction under 18 U.S.C. § 3582(c)(2)(ECF Nos. 489, 507, 509, 512). In that second motion, Dewitt raised the same argument made in the two remanded § 2255 motions, to wit, that the United States had breached the Plea Agreement by opposing his motion to reduce his sentence under § 3582 (Motion, ECF No. 489, PageID 2432). Dewitt's Appellate Brief is focused entirely on the issue of whether the Plea Agreement has been breached (ECF No. 8, 6th Cir. Case No. 18-3501). Therefore, the same policy concerns which underlie *Capaldi* weigh strongly in favor of deferring

adjudication here. What the Sixth Circuit decides in Case 18-3501 will at least be relevant to this Court's consideration and may render the issues moot.

The Magistrate Judge believes a stay rather than dismissal without prejudice is warranted in these circumstances. Motions to Vacate under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The question of whether the instant motions were timely filed has not been raised or litigated in this case as yet, but the Sixth Circuit, in deciding these motions were not "second or successive," noted, "The government allegedly breached the plea agreement when it opposed DeWitt's § 3582(c) motion, which was filed in 2016." (*United States v. Dewitt*, *supra*, ECF No. 516, PageID 2538). Whether that was when this breach-of-plea-agreement claim actually arose or whether it was some different date is material to the instant Motion because the statute of limitations is not tolled by the pendency of these two motions. *Duncan v. Walker,* 533 U.S. 167 (2001).

Rather than complicate the statute of limitations question, should it arise later, the Court exercises its discretion to stay the proceedings pending the outcome of the appeal in Case No. 18-3501. District Court authority to enter such a stay was recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). A stay here will serve the same purpose served in *Rhines*: preventing a litigant from having the statute run while litigation is pending in another court.[1]

Accordingly, it is respectfully recommended that the Government's Motion to Dismiss (ECF No. 510) be DENIED. Its alternative Motion to Stay is GRANTED. It is hereby ORDERED that all further proceedings on the remanded § 2255 motions be, and they hereby are, STAYED pending the decision of the Sixth Circuit in Case No. 18-3501 and any further decision on that

---

[1] The Magistrate Judge does not intend to suggest that there is already a statute of limitations question in this case, but merely that a stay will not contribute to such a problem in a way dismissal might.

appeal by the Supreme Court of the United States. The Government shall keep this Court currently advised as to the status of Case No. 18-3501.

January 23, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).