# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :         Case No. 3:98-cr-081
                                            Also Case No. 3:12-cv-183

                                            District Judge Walter H. Rice
  - vs -                               Magistrate Judge Michael R. Merz

KEITH W. DEWITT, SR.,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Addendum to his Motion under 18 U.S.C. § 3582(c)(2)(the "Addendum," ECF No. 498) and his Motion to Hold the United States in Breach of the Plea Agreement in this case ("Motion to Enforce," ECF No. 510).

**Litigation History**

Each of these filings was treated by the Court as a motion to vacate under 28 U.S.C. § 2255. Because Dewitt had previously filed a § 2255 motion, the Court transferred these filings to the Sixth Circuit for a determination by that court under 28 U.S.C. § 2244(b) of whether Dewitt could proceed (ECF Nos. 508, 511).

On October 30, 2018, the Sixth Circuit denied as unnecessary Dewitt's motions for permission to proceed, reasoning that both motions alleged a breach of the plea agreement which had occurred in 2016. Since that claim "could not have been brought with his original § 2255 motion *six year earlier* in 2010," the transferred motions were not second or successive. In re: Keith W. Dewitt, Sr., Nos. 18-3605/3605 (6th Cir. Oct. 30, 2018)(unreported; copy at ECF No. 516). The two motions were remanded for further proceedings. *Id.* The Sixth Circuit did not disturb this Court construction of these filings as motions to vacate under 28 U.S.C. § 2255.

Upon remand, this Court ordered the Government to answer (ECF No. 517). On the Government's Motion (ECF No. 519), the Court stayed these proceedings pending the outcome of Dewitt's appeal of this Court's denial of Dewitt's second motion for sentence reduction under 18 U.S.C. § 3582(c)(2)(ECF Nos. 489, 507, 509, 512), noting

> In that second motion, Dewitt raised the same argument made in the two remanded § 2255 motions, to wit, that the United States had breached the Plea Agreement by opposing his motion to reduce his sentence under § 3582 (Motion, ECF No. 489, PageID 2432). Dewitt's Appellate Brief is focused entirely on the issue of whether the Plea Agreement has been breached (ECF No. 8, 6th Cir. Case No. 18-3501).

(ECF No. 526, PageID 2618.)

Next, the Sixth Circuit affirmed District Judge Rice's denial of relief on Dewitt's second § 3582 motion. *United States v. Dewitt*, 2019 U.S. App. LEXIS 3829 (6th Cir. Feb. 6, 2019)(copy at ECF No. 528). The Magistrate Judge then vacated the stay and ordered the Government to answer (ECF No. 529) which it did on March 1, 2019 (ECF No. 533). Dewitt has now filed his reply, captioned "Objection and Opposition to Dismiss § 2255 Petition without a Hearing ("Reply," ECF No. 542). Thus the remanded matters are ripe for decision.

## Positions of the Parties

In the Addendum, Dewitt asserts that "plea agreements are contractual in nature," to be interpreted and enforced using "traditional principle of contract law."[1] (ECF No. 498, PageID 2466). He claims the government breached the Plea Agreement by opposing his motion for reduction of sentence and requests either specific performance of the Plea Agreement or allowing him to rescind his signature on the plea agreement. *Id.* at PageID 2468. He ends by contending that his contractual rights under the Plea Agreement are property within the intendment of the Fifth Amendment and deprivation would constitute a taking in violation of that Amendment. *Id.* at PageID 2470.

In the Motion to Enforce (ECF No. 510), Dewitt again asserts that the Government's Opposition (ECF No. 506) to his Motion to Reduce Sentence (ECF No. 489) constitutes a breach "contrary to the plain language within the written plea agreement." (ECF No. 510, PageID 2519). Specifically he adverts to the following language: "[K]EITH W DEWITT understands that his sentence will be determined by the court •.• ,based upon [a]ll applicable laws including the Sentencing Reform Act and the Federal Sentencing Guidelines."(emphsis [sic] added)." He asserts "This language indicates, and is understood that the Petitioner's sentence would be based on all prevailing laws, and would be afforded an opportunity to bring the sentence into conformity with any future changes in law." *Id.* at PageID 2520. He claims that the plain language of the Plea Agreement removed any discretion from the Government to oppose his receiving the benefit of any future change in the sentencing laws. *Id.* at PageID 2522.

---

[1] Although Dewitt places this assertion in quotation marks and claims it is a matter of circuit precedent, he does not cite a source.

In its Response to these two motions, the United States relies on the February 6, 2019, decision of the Sixth Circuit which found that

> Contrary to De Witt's arguments, nothing in his plea agreement guaranteed a discretionary sentence reduction under § 3582(c)(2). The plea agreement provided that there was no agreement as to sentencing and that the district court would make the final decision about any sentencing issues. DeWitt's sentence was and continues to be "based on all applicable laws." Under §3582(c)(2), the district court maintains the discretion to deny a sentence reduction even if the defendant is eligible for one. See *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010); see also *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997) (holding, in a pre-Booker decision, that "a district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range"). Nothing in DeWitt's plea agreement divested the district court of this discretionary authority. Nor did anything in the plea agreement preclude the government from asking the district court to exercise its discretion to deny DeWitt's§ 3582(c)(2) motion. Dewitt's arguments purportedly based on the plea agreement are therefore without merit.

*United States v. Dewitt*, Case No. 18-3501 (quotation at ECF No. 530, PageID 2631). The Government argues this finding constitutes the law of the case and precludes any relief on Dewitt's breach of Plea Agreement claims (ECF No. 533, PageID 2647).

Dewitt admits this decision is "controlling authority," but asserts the Sixth Circuit "did not address all breach of plea agreement claims not [sic] did the Court address the multiable [sic] ambiguous statement claims, rather the Court left those issues to be addressed if [sic] the first instant [sic] by the District Court." (Reply, ECF No. 542, PageID 2674). Dewitt then lists the following issues he says the Sixth Circuit did not resolve:

1. It did not address the multiple ambiguous statements in the written Plea Agreement (Objections, ECF No. 542, PageID 2675).

2. The government "drafted an ambiguity into the plea agreement" by not specifying that particular language did not confer "beneficial rights to a sentence reduction, upon subsequent changes in law. *Id.* at PageID 2676.

3. Dewitt was induced to change his plea by Attorney Larry Greger's assurance s of a nineteen year sentence. *Id.* at PageID 2677. Dewitt claims he attempted to say this during the plea colloquy, but was silenced.

4. Ineffective assistance of trial counsel from Mr. Greger in the change of plea process. *Id.*

5. Misadvice from the District Judge in the plea colloquy. *Id.* at PageID 2679.

# Analysis

**Breach of Contract Claims**

The Sixth Circuit's decision that Dewitt's breach of contract claim – that the Plea Agreement barred the United States from opposing a sentence reduction under 18 U.S.C. § 3582 – is precluded by the law of the case doctrine.

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike

in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The mandate rule is a distinct concept which preserves the hierarchy of the court system. *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004).

> The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Here, as Dewitt admits, the February 6, 2019, decision of the Sixth Circuit is "controlling authority." On that basis, Dewitt's breach of contract claims should be dismissed with prejudice.

**Claims Pleaded in the Objections**

As summarized above, Dewitt adds five claims in his Objections which are not part of the remanded matters on which the Sixth Circuit said he needed no permission to proceed. In contrast to his plain language breach of contract claim, he now asserts that there are multiple ambiguities in the Plea Agreement that should be resolved in his favor. He also alleges ineffective assistance of trial counsel by Mr. Greger and error in the Court's conduct of the plea colloquy.

Claims raised for the first time in a traverse or reply are not properly before a district court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005); see also *Jaloweic v. Bradshaw*, 657 F.3d 293, 312 (6th Cir, 2011); *Murphy v. Ohio*, 551 F.3d 485, 502 (6th Cir. 2009).

Dewitt has never moved to amend the remanded matters to add these claims. If he did so, the motion would be denied for at least two reasons. First, all of these claims arose at the time of sentencing and are therefore barred by the one-year statute of limitations in 28 U.S.C. § 2255(f). Second, they are not claims that arose after Dewitt's first § 2255 motion and therefore would require circuit court permission to proceed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the remanded matters (the Addendum and the Motion to Enforce) be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of

appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 12, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).