# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :       Case No. 3:98-cr-081
                                              Also Case No. 3:12-cv-183

                                              District Judge Walter H. Rice
   - vs -                              Magistrate Judge Michael R. Merz

KEITH DEWITT, SR.,

                Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON REMANDED ISSUES

---

This case is before the Court on Defendant's Objections (ECF No. 544) to the Magistrate Judge's Report and Recommendations (the Report," ECF No. 543) on two matters remanded to this Court by the Sixth Circuit Court of Appeals, the "Addendum" (ECF No. 498) and the "Motion to Enforce" (ECF No. 510)(collectively, the "Remanded Matters"). Judge Rice has recommitted the Remanded Matters for reconsideration in light of the Objections (Recommittal Order, ECF No. 551).

This Report is not concerned with Dewitt's Motion for First Step Act relief, on which he is represented by counsel (ECF No. ECF No. 538).

The Report concluded that the Remanded Matters should be dismissed because the Sixth Circuit had set the law of the case in its decision on the second-or-successive (28 U.S.C. § 2244(b))

issue and this Court was bound by that decision. This Court had construed the Remanded Matters in the first instance as motions to vacate under 28 U.S.C. § 2255. The Sixth Circuit did not disturb that characterization, but held no permission to proceed was needed under § 2244(b) because Dewitt was complaining of breaches of his Plea Agreement which occurred in 2016, years after his original § 2255 Motion was decided. *In re: Keith W. Dewitt*, *Sr.*, Case No. 18-3604/3605 (6th Cir. Oct. 30, 2018)(unreported; copy at ECF No. 516).

Dewitt argues the law of the case is limited to the issue actually decided by the Sixth Circuit, to wit, that the United States was not precluded by the Plea Agreement from opposing Dewitt's motion to sentence reduction under 18 U.S.C. § 3582(c)(2). In addition, of course, the circuit court has also affirmed Judge Rice's decision denying relief under § 3582. *In re: Keith W. Dewitt, Sr.*, Case No. 18-3501 (6th Cir. Feb. 7, 2019)(unreported; copy at ECF No. 530).

The United States opposed granting relief on the Remanded Matters (ECF No. 533). Once the Sixth Circuit issued its mandate on March 4, 2019, and jurisdiction returned to this Court (ECF No. 536), Dewitt filed his "Objection and Opposition to Dismiss § 2255 Petition Without a Hearing (ECF No. 542). That made the Remanded Matters ripe and the Magistrate Judge filed the Report recommending that both of them be dismissed because the Sixth Circuit had decided that there was no breach of the Plea Agreement.

The Report noted that Dewitt had added five claims in his post-remand Objections which were not before the Sixth Circuit, to wit, ambiguities in the Plea Agreement, ineffective assistance of trial counsel, and court error in the plea colloquy. The Report concluded that because these matters had not been pleaded in the Remanded Matters as filed, they could not properly be considered now. It also concluded they were barred by the statute of limitations and, because they

arose before Dewitt's first § 2255 Motion, he would require circuit court permission to proceed (Report, ECF No. 543, PageID 2689).

**Objections**

Dewitt correctly notes that the Sixth Circuit did not decide any of his new claims and thus this Court is not bound by the law of the case as to those claims (Objections, ECF No. 544, PageID 2691). He then offers three specific objections.

First Dewitt claims he has "consistently argued, because of how the plea agreement is written, and where the government has not argued that Petitioner's reading of the plea agreement is inherently incredible, the agreement affords Petitioner the ability to withdraw from the plea agreement, for cause." *Id.* at PageID 2692. He then argues he is entitled to an evidentiary hearing because he has raised a factual issue. *Id.*

In his "Addendum," Dewitt argued the Government had breached the Plea Agreement by opposing his motion for sentence reduction (ECF No. 498). He suggested as remedies either specific performance or rescission of his signature. *Id.* at PageID 2468-69. But the Sixth Circuit has definitively interpreted the Plea Agreement and found that the United States did not breach the Agreement. Furthermore, the question of contract interpretation is not a factual issue on which evidence would be pertinent, but a question of law for the Court.

Dewitt's second objection is that the Magistrate Judge "has mistakenly grouped Petitioner's 'Breach of Plea Agreement' argument and the ambiguities in the plea agreement claims, as claims being newly raised . . ." (Objections, ECF No. 544, PageID 2692). Rather, he

says, these are issues in the Remanded Matters that the Sixth Circuit "sent back down to the district court . . . ." *Id.*

The issue raised in the Addendum is whether the Government's opposition to sentence reduction constituted a breach of the Plea Agreement, and the Sixth Circuit decided it did not. Dewitt argued exactly the same claim in his Motion to hold the United States in Breach of the Plea Agreement, the second Remanded Matter. (See ECF No. 510, PageID 2519.) In support of that claim, Dewitt argued that "[i]f there is [sic] any ambiguities with Petitioner's plea agreement, then the Court must address those ambiguities, and construe them against the government." *Id.* at PageID 2521. Dewitt argued those ambiguities in support of his claim that the Government had breached the Plea Agreement by opposing sentence reduction, but the Sixth Circuit has decided it did not.

Dewitt's third objection is that he submitted affidavits to the Court which the Government did not rebut in which he gave his interpretation of the Plea Agreement as allowing him the right to withdraw for cause. As noted above, interpretation of contracts is a matter of law for the Court, not a factual matter. Nothing in the Plea Agreement (ECF No. 220) purports to give Dewitt a right to rescind his signature.

Dewitt's fourth objection is that his claim of ineffective assistance of trial counsel "is an antecedent issue 'relating back' to the original appeal in this criminal case. The appellate court never addressed that issue because the court over turned Petitioner's sentence and remanded back in light of [the] Supreme Court's decision *Booker v. United States*, 564 U.S. 220 (2005)." (ECF No. 544, PageID 2694.

Whether or not Dewitt raised ineffective assistance of trial counsel as a claim on his first appeal, the Sixth Circuit in fact did not decide that issue, but reversed and remanded for

4

resentencing under *Booker* (ECF No. 394, PageID 1331). After resentencing, the Sixth Circuit affirmed; Dewitt had only claimed error in the use of acquitted conduct to enhance the sentence (ECF No. 415). Dewitt filed his first Motion to Vacate under § 2255 on April 19, 2010 (ECF No. 427). In it he claimed he had received ineffective assistance of trial counsel when "his counsel provided him erroneous advice both before and after his guilty plea." PageID 1489. On November 15, 2010, the undersigned recommended that the § 2255 Motion be dismissed (ECF No. 444). Judge Rice adopted that Report (ECF No. 455) and the Sixth Circuit denied a certificate of appealability (ECF No. 457). Thus, the issue of ineffective assistance of trial counsel has been raised and decided by this Court on Dewitt's first § 2255 Motion and he may not raise it again without permission of the circuit court, which he has not received.

**Conclusion**

Dewitt's Objections are not well taken and should be overruled. It is again respectfully recommended that the Remanded Matters be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 11, 2019,

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).