# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:98-cr-081
                                  Also Case No. 3:12-cv-183

                                    District Judge Walter Herbert Rice
  - vs -                        Magistrate Judge Michael R. Merz

KEITH DEWITT, SR.,

        Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR REDUCE SENTENCE UNDER THE FIRST STEP ACT

        This criminal case is before the Court on Defendant Keith Dewitt, Sr.'s, Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (ECF No. 538). Dewitt is represented on the Motion by Assistant Federal Defender Kevin Schad (ECF No. 537).

        The Motion was filed March 27, 2019. Under S.D. Ohio Civ.R. 7.2, a memorandum in opposition was due to be filed by April 17, 2019. When none was filed, the Magistrate Judge recommended that the Motion be granted (Report and Recommendations, ECF No. 545). Plaintiff United States of America ("United States" or "Government") objected (ECF No. 548), and the Magistrate Judge withdrew the Report and Recommendations to allow consideration of the Motion on the merits (ECF No. 549). Dewitt then filed a Reply in support (ECF No. 550).

        The proceedings on the instant Motion are entirely separate and apart from the § 2255 matters remanded from the United States Court for the Sixth Circuit, on which Dewitt is

1

proceeding *pro se* and which are pending on a Supplemental Report and Recommendations filed June 11, 2019 (ECF No. 552).

The Motion asserts that Dewitt is eligible for sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "Act"). The Act made retroactive the Fair Sentencing Act of 2010, Pub. L. No. 111-220. *Id*. at § 404, 132 Stat. 5222. The Act applies "to any defendant who, prior to August 3, 2010, was convicted of an offense for which the Fair Sentencing Act would have reduced the statutory penalties." *United States v. Glore*, No. 99-cr-82-pp 371 F. Supp. 3d 524, 527 (E.D. Wis. 2019), reconsideration granted on other grounds at 2019 WL 1761581 (E.D. Wis. Apr. 22, 2019). The Act permits, but does not require, that the Court reduce the sentences of those who are eligible for a reduction under the Act. *United States v. Smith*, No. 6:06-21-DCR-1, 2019 U.S. Dist. LEXIS 33545, 2019 WL 1028000 (E.D. Ky. Mar. 4, 2019).

The Motion recites correctly that Dewitt was sentenced on January 30, 2004, to life imprisonment on Count 1 of the Indictment and to concurrent terms of 240 months on Count 4 and 36 months on Count 6 (ECF No. 538, PageID 2660, citing Judgment, ECF No. 369). Dewitt notes that this sentence represented an upward departure from the then-mandatory Guideline Sentence range of 292-365 months. *Id*. He argues that under the Act that range would be reduced to 235-293 months under the now-advisory Sentencing Guidelines. *Id.*

The Guidelines became advisory with the decision of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005). *Booker* was handed down after sentencing in this case, but before the Sixth Circuit decided Dewitt's direct appeal. In its decision of the appeal, the circuit court found that "treatment of the Guidelines as mandatory is plain error because *Booker* effects a clear change in the law." *United States v. Dewitt,* 145 F. App'x 980, 982 (6th Cir. 2005),

citing *United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir. 2005). The Sixth Circuit remanded the case for re-sentencing with the Guidelines now understood as advisory. Dewitt was thereafter on July 31, 2006, re-sentenced to the same sentence previously imposed (Amended Judgment, ECF No. 407). He appealed and the Sixth Circuit affirmed, *United States v. Dewitt*, 304 F. App'x 365 (6th Cir. 2008). It found the Guideline sentencing range to be 360 months to life imprisonment, based on an adjusted offense level of 42 and a criminal history level of I. Judge Rice's decision to enhance the sentence based on facts this Court found by a preponderance – Dewitt's responsibility for two murders – did not violate his Sixth Amendment rights. *Id.* at 368. It further found the sentence was both procedurally and substantively reasonable. *Id.* at 369, 371. The Supreme Court subsequently denied Dewitt's petition for certiorari. *Dewitt v. United States*, 565 U.S. 1198 (2009).

Dewitt has filed numerous post-judgment motions under 28 U.S.C. § 2255 or 18 U.S.C. § 3582. All have been denied. Two of those motions, which the Magistrate Judge characterized as motions under 28 U.S.C. § 2255, are before the Court on remand from the Sixth Circuit, which accepted that characterization (See Report and Recommendations, ECF No. 543; Supplemental Report and Recommendations, ECF No. 552).

Dewitt claims the First Step Act is applicable to him because neither the plea agreement nor the plea hearing colloquy "allege any particular amount of crack cocaine (or any other drug type quantity)." Shortly after the plea in this case, the Supreme Court decided the case of *Apprendi v. New Jersey*[.]" (Motion, ECF No. 538, PageID 2661, citing 530 U.S. 466 (2000)). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Dewitt alleges that, without the proof

prescribed by *Apprendi*, the maximum sentence "would be limited to the lowest statutory range, that of 0 to 20 years." (Motion, ECF No. 538, PageID 2661). The Motion continues by reciting Dewitt's efforts at rehabilitation and how he has changed in the twenty-eight years since his arrest. *Id.* at PageID 2661-62.

The United States asserts that Dewitt is not eligible for consideration under the First Step Act because "the crack cocaine attributable to Dewitt at the time of his sentencing supports the application of the same statutory penalty pursuant to 21 U.S.C. § 841(b)(1)(A) even following passage of the Fair Sentencing Act." (Objs. to Report, ECF No. 548, PageID 2701). The Government notes that the Count One of the Indictment charged Dewitt "with conspiracy to possess with intent to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine[.]" *Id.* at PageID 2701-02. The Presentence Investigation Report "attributed to Dewitt 4,000 grams of heroin, 7,000 kilograms of cocaine, and 485.99 grams of crack cocaine." *Id*. at PageID 2702. The Government notes that "[t]he Fair Sentencing Act increased the threshold crack cocaine quantity for [a] § 841(b)(1)(A) offense to 280 grams," but the crack attributed to Dewitt was more than 200 grams higher than that. *Id.* at PageID 2703. The Government further notes that *Apprendi*, on which Dewitt relies, has been held not to apply retroactively to cases on collateral review. *Id.* at PageID 2704, citing *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002).

Dewitt responds that no retroactive application of *Apprendi* is needed because his case was on direct appeal when *Apprendi* and *Blakely v. Washington*, 542 U.S. 296, 303 (2004), were decided; consequently, Dewitt argues, he is entitled to their application to his case (Response, ECF No. 550, PageID 2708-09, citing *Griffith v. Kentucky*, 479 U.S. 314, 321-22 (1987)).

## Analysis

Count 1 of the Indictment charged Dewitt with conspiracy to possess with intent to distribute "in excess of one kilogram of heroin, a Schedule I Controlled Substance, and in excess of five kilograms of cocaine (including cocaine base which is commonly referred to as crack cocaine), a Schedule II Controlled Substance, in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)." (ECF No. 1, PageID 2). Count 4 charged Dewitt with money laundering. *Id.* at PageID 13-14. Count 6 charged Dewitt with income tax fraud. *Id.* at PageID 15.

In the Plea Agreement (ECF No. 220), Dewitt agreed to plead guilty to Counts 1, 4, and 6. *Id.* at PageID 2441. Therein, he acknowledged that the maximum penalty for Count 1 "is a minimum of 10 years to life imprisonment." *Id.*

The plea colloquy was conducted on January 19, 2000, and is transcribed at ECF No. 275. Dewitt was sworn. *Id.* at PageID 1814. Judge Rice explained that the guilty pleas "could mean a sentence of anywhere between 10 years and life imprisonment" and Dewitt said he understood. *Id.* at PageID 1826, repeated at PageID 1828, 1839, 1850. Assistant United States Attorney J. Richard Chema read the plea agreement into the record, including the provision that punishment on Count 1 could be 10 years to life imprisonment. *Id.* at PageID 1844. Dewitt then pleaded guilty as agreed to Counts 1, 4, and 6. *Id.* at PageID 1859.

Dewitt plea was taken on January 19, 2000. *Apprendi* was decided June 26, 2000. Dewitt was not initially sentenced until January 29, 2004 (ECF No. 368), three and one-half years after *Apprendi* was handed down. However, Dewitt made no objection on the basis of *Apprendi* to imposition of a life sentence, nor did he raise an *Apprendi* issue on appeal. After remand he was re-sentenced on July 17, 2006 (ECF No. 405). Again, he raised no *Apprendi* objection either in

this Court or on appeal. Indeed, the first time Dewitt has made any claim that a particular amount of any drug had to be admitted or proved beyond a reasonable doubt is when he filed the instant Motion on March 27, 2019.

If a sentence of life imprisonment was not authorized by statute at the time sentence was first imposed because no drug amount was proved or admitted ala *Apprendi*, that claim has been procedurally defaulted by Dewitt's failure to make the claim on either occasion when he was sentenced in this Court or on direct appeal from those judgments. Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 or other post-judgment motion unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761(6th Cir. 2013), citing *Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal citations omitted).

Aside from the procedural default, the *Apprendi* claim fails on the merits. Under 18 U.S.C. § 844(b)(1)(A), a sentence of life imprisonment was an authorized sentence for the offense to which Dewitt pleaded guilty in Count 1. The allegations of sufficient facts to authorize such a sentence appear on the face of the Indictment, and Dewitt's guilty plea is an admission of those facts. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

In other words, this is not a situation like *Apprendi* where the trial judge had to make findings of fact beyond those admitted by the plea to authorize a higher sentence, and Judge Rice did not sentence or attempt to sentence Dewitt to a sentence above the maximum authorized by the statute.

The Fair Sentencing Act increased the threshold amount of crack cocaine necessary to authorize a sentence of between ten years and life imprisonment. But the threshold amount of heroin for that sentence was one kilogram at the time Dewitt pleaded guilty and the threshold for cocaine was five kilograms. Count 1 of the Indictment, to which Dewitt pleaded guilty, charges qualifying threshold amount of both heroin and cocaine (ECF No. 1, PageID 2).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes Dewitt is not entitled to the benefit of the First Step Act. His Motion for Relief (ECF No. 538) under that Act should be DENIED. Because reasonable jurists would not disagree with this conclusion, the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 20, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United*

*States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).