# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:98-cr-081
               Also Case No. 3:12-cv-183

               District Judge Walter Herbert Rice
- vs -            Magistrate Judge Michael R. Merz

KEITH DEWITT, SR.,

      Defendant.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

   This case is before the Court on Defendant's Objections (ECF No. 554) to the Magistrate Judge's pending Report and Recommendations under the First Step Act (the "Report," ECF No. 553). The Government's time to respond to the Objections expired July 9, 2019, and no response was filed. District Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 555).

   Dewitt, represented by Assistant Federal Defender Schad, moved to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "Act"). The Report recommended denying the Motion upon finding Dewitt is not eligible for a reduction under the Act (ECF No. 553, PageID 2724).

   Dewitt claims he is eligible under the Act because "neither the plea agreement nor the plea hearing colloquy 'allege any particular amount of crack cocaine (or any other drug type

quantity).'" (Motion, ECF No. 538, PageID 2661.) Because the quantity of drugs involved in the offense is treated as an "element" of the crime which increases the statutory penalties, Dewitt argues that lack of a finding or admission of quantity limits his sentence to the lowest statutory range, zero to twenty years. *Id.*, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Report concluded Dewitt could not now raise an *Apprendi* claim because he was sentenced three and one-half years after *Apprendi* but made no objection on that basis either in this Court or on appeal (ECF No. 553, PageID 2723).

Standing on his *Apprendi* claim, Dewitt asserts, "[t]he Government's failure to seek at the plea hearing Defendant Dewitt's assent to quantities, and the Court's failure to inquire of quantities, precludes any argument that the statutory penalties are not affected by the First Step Act." (Objections, ECF No. 554, PageID 2727.) He offers no response to the Report's analysis that he forfeited any *Apprendi* claim by not raising it at sentencing or on direct appeal. Indeed, he does not contradict the Report's finding that the first time he ever "made any claim that a particular amount of any drug had to be admitted or proved beyond a reasonable doubt is when he filed the instant Motion on March 27, 2019." (Report, ECF No. 553, PageID 2723.) This is despite having filed numerous motions to vacate under 28 U.S.C. § 2255 or motions under other statutes construed by this Court as § 2255 motions (ECF Nos. 427, 458, 473, 493, 498, 510).

Dewitt also objects to the Report's conclusion that his guilty plea to an Indictment, which alleges on its face sufficient facts to authorize the statutory range the Court used, is an admission of those facts. As support he cites the Sixth Circuit's finding on direct appeal that "the district court committed plain error and defendant's sentence violated his Sixth Amendment rights when the district court sentenced him under the then-mandatory Guidelines, based on facts not admitted

2

in his guilty plea." *United States v. Dewitt,* 145 Fed. App'x 980, 982 (6th Cir. 2005). Earlier in the opinion, the Sixth Circuit found:

> In this case, the defendant pleaded guilty to conspiring to possess with intent to distribute in excess of one kilogram of heroin and in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. The statutory sentencing range for such an offense is between ten years and life imprisonment. *Id.* § 841(b)(1)(A). In sentencing Dewitt to life imprisonment, the district court treated the Guidelines as mandatory and relied on a number of determinations that were not admitted in the guilty plea, including drug amounts, possession of a firearm, and Dewitt's leadership role in the offense. Our review is for plain error, as it does not appear that Dewitt argued the advisory nature of the Guidelines before the district court. *See United States v. Oliver,* 397 F.3d 369, 377-78 & n.1 (6th Cir. 2005). Under [United States v.] *Booker,* [543 U.S 220 (2005)] a district court's treatment of the Guidelines as mandatory is plain error because *Booker* effected a clear change in the law. *United States v. Barnett,* 398 F.3d 516, 525-26 (6th Cir. 2005).

*Id.* at 981-82. In other words, the error this Court committed was treating the Sentencing Guidelines as mandatory and then calculating Dewitt's guideline range based on judge-found facts. That is, Judge Rice found the offense level to be 42 and the criminal history category to be 1, resulting in an imprisonment range of 360 months to life imprisonment.

On remand for resentencing by the Sixth Circuit, represented by the same attorney who represents him on the instant Motion, Dewitt argued:

> In the present case, there were several facts relied upon by this Court at the initial sentencing hearing which were not admitted to by the Defendant. For instance, 4 points were added under U.S.S.G. § 3B1.1 for the Defendant's alleged leadership role in the offense. The Defendant did not agree that this enhancement was accurate or appropriate, and there is no jury verdict to support the enhancement.
>
> Second, the Court relied on the Defendant's alleged participation in a murder. Certainly, the Defendant did not admit to involvement in that offense, and this Court is aware that he was acquitted of such

3

> conduct. In fact, 23 of 24 jurors, who were able to see all of the evidence, voted for acquittal. Certainly, the inclusion of this evidence in the sentencing analysis did not meet Sixth Amendment standards.
>
> The Defendant submits that any enhancements which are not supported by a jury verdict or the Defendant's admission cannot be used to calculate the advisory Guidelines, based upon the above precedent. Accordingly, the Guidelines range must be recalculated.

(Sentencing Memorandum, ECF No. 402, PageID 1362.) Nevertheless, Judge Rice found the relevant facts by a preponderance of the evidence, then calculated the same guideline range as before, this time advisory, and imposed the same sentence (ECF No. 407). The Sixth Circuit affirmed despite Dewitt's claim that the District Court had used "judicial findings of fact to enhance his overall offense level. . . ." *United States v. Dewitt,* 304 Fed. App'x 365 (6th Cir. 2008). The Sixth Circuit held:

> The district court found that Dewitt had a base-offense level of 36. The district court added 2 levels because it found that Dewitt possessed a firearm during the conspiracy and 4 levels because it found that Dewitt played a leadership role in the conspiracy. Based on Dewitt's adjusted-offense level of 42 and Dewitt's criminal history level of I, Dewitt's Guidelines range was 360 months to life imprisonment. The district court sentenced Dewitt to life imprisonment, the statutory-maximum punishment for conspiracy to possess with intent to distribute more than one kilogram of heroin and five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). The district court also sentenced Dewitt to the statutory-maximum punishment on the other two charges: 240 months for money laundering and 36 months for making false statements on a federal income-tax return. 18 U.S.C. § 1956(a)(1)(B); 26 U.S.C. § 7206.
>
> Because the sentence imposed by the district court does not exceed the statutory maximums, we hold that the district court's decision to enhance Dewitt's sentence based on facts that the district court found by a preponderance did not violate Dewitt's Sixth Amendment

> rights. *See Ferguson,* 456 F.3d at 665. Thus, we conclude that the
> district court did not err in calculating Dewitt's Guidelines range.

*Id.* at 369. In other words, Judge Rice's calculation of the advisory Guideline Range based on facts proved to him by a preponderance of the evidence did not violate the Fifth or Sixth Amendment, given that the sentence was within the range authorized by statute for the offense to which Dewitt pleaded.

By pleading guilty to Count One of the Indictment. Dewitt admitted the facts pleaded in that count, to wit, conspiracy to possess with intent to distribute "in excess of one kilogram of heroin, a Schedule I Controlled Substance, and in excess of five kilograms of cocaine (including cocaine base which is commonly referred to as crack cocaine), a Schedule II Controlled Substance, in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)." (ECF No. 1, PageID 2).

By entering a plea of guilty, the accused is both stating that he did the discrete acts described in the indictment and admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

In the Plea Agreement Dewitt acknowledges that the penalty for Count One is between ten years and life imprisonment, (ECF No. 220, PageID 2441). In the plea colloquy he conducted with Defendant, Judge Rice expressly asked him if he understood that "a plea of guilty to these three charges could mean a sentence of anywhere between 10 years and life imprisonment." (Transcript, ECF No. 275, PageID 1825 and again on PageID 1826, 1828, 1839, and 1850). That statutory sentencing range is based on possession with intent to distribute the amounts of heroin and cocaine alleged in the Indictment. Those are the relevant "elements" under *Apprendi* and it was not necessary to obtain admissions of any other amounts. To put it another way, Dewitt's

failure to admit to any particular amounts of heroin or cocaine in the Plea Agreement or the plea colloquy is irrelevant because the amounts that satisfy *Apprendi* are on the face of the Indictment.

The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(B) to increase from five to twenty-eight grams of cocaine base the amount of crack needed to subject a defendant to a mandatory minimum of five years imprisonment. The portion of the First Step Act relied on here made the Fair Sentencing Act applicable retroactively to persons sentenced before the Fair Sentencing Act was enacted. But Keith Dewitt was never sentenced at all based on his possession with intent to distribute any amount of crack cocaine. The Indictment mentions cocaine base only as part of the five kilograms of cocaine Dewitt conspired to distribute.

Dewitt relies on *United States v. Barber*, 2019 U.S. Dist. LEXIS 102214, 2019 WL 2526443 (D.S.C. Jun. 19, 2019), but that case does not support eligibility for Dewitt. Barber had pleaded guilty to sale of more than fifty grams of crack cocaine, an amount charged in the Indictment along with five kilograms or more of cocaine. The court treated the conviction as being only for the crack cocaine, since that was all that was admitted. Dewitt's argument seems to be that since no amount of crack cocaine was charged against him, his statutory range for the unspecified amount of crack would have been zero to twenty years. But that ignores the fact that he was charged with and pleaded guilty to specific amounts of heroin and powder cocaine making him liable to a sentence of ten years to life. The Magistrate Judge notes also that the United States did not object to eligibility in Barber's case.

Dewitt also argues *United States v. Dale,* 178 F.3d 429 (6th Cir. 1999), "compels" the result he seeks (Objections, ECF No. 554, PageID 2728). Dale was charged with and convicted by a jury of conspiracy to distribute both marijuana and crack inside a jail facility. The Sixth Circuit held he could only be sentenced on those facts to the maximum penalty for distributing marijuana

which was the least penal of the objects of the conspiracy. In this case the penalty for conspiring to distribute **either** a kilogram of heroin **or** five kilograms of cocaine is ten years to life. *Dale* also does not support Dewitt's claim.

Dewitt further objects to the Report's conclusion that he has procedurally defaulted any claim under *Apprendi* by not raising it either time on appeal or in his various § 2255 motions. First, he says, "there can be no procedural default in applying Supreme Court precedent which was determined before Dewitt's case became final." (Objections, ECF No. 554, PageID 2729, citing *Griffith v. Kentucky,* 479 U.S. 314 (1987).) *Griffith* was before the Supreme Court on certiorari to the Supreme Court of Kentucky. It involved a *Batson* challenge to the racially motivated use of peremptory excuses. Griffith was tried in 1982, four years before *Batson* was decided. His case was pending on petition for certiorari when *Batson* was decided, but two months after the Supreme Court had decided *Batson* was not to be applied retroactively to cases on federal habeas review. *Allen v. Hardy*, 478 U.S. 255 (1986). The Court concluded that "failure to apply a newly declared constitutional rule to cases pending on direct review violates basic norms of constitutional adjudication." *Id.* at 322. Justice Blackmun's opinion then outlines a theory of retroactivity which was superseded three years later in *Teague v. Lane*, 489 U.S. 288 (1989).

Dewitt's citation of *Griffith* misses the point. The Magistrate Judge agrees it would have been error for the Sixth Circuit on Dewitt's direct appeal not to apply *Apprendi* – if Dewit had raised the claim and *Apprendi* were in fact applicable. But *Apprendi* errors are not errors a court of appeals must notice *sua sponte* and if they are not raised, they are forfeited. To put it another way, Dewitt could not now prevail on a motion for relief from judgment on the ground of *Apprendi*.

7

Dewitt's argument that *Apprendi* and any other case law is applicable seems to assume that the First Step Act or the Fair Sentencing Act before it works a vacation of the judgment. No so. It permits modification of a portion of the judgment – reduction of the sentence.

Dewitt objects that "many courts, in determining to apply the First Step Act, have ruled that a quantity determination is not a conditional [sic] to First Step Act/Fair Sentencing Act eligibility." (ECF No. 554, PageID 2730, citing *United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. 2019). In that case Judge Jonker did indeed hold that a quantity determination was unnecessary.

> In the Court's mind, both sides miss the mark because eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities.

*Id.* at 649.[1] Assuming Judge Jonker's logic is persuasive, it does not apply here because Dewitt was not convicted of a crack cocaine offense.

Finally, Dewitt appeals to Congressional intent as interpreted by Judge Weinstein in *United States v. Simons*, 375 F. Supp. 3d 379 (E.D.N.Y. 2019). Judge Weinstein asserts Congressional intention was to "limit government spending on incarceration and to decrease the number of inmates in federal custody." *Id.* at 389. The Magistrate Judge agrees that these were among the Congressional purposes in enacting the First Step Act and that purpose should come first in statutory interpretation. In interpreting statutes, courts should:

> 1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then,

---

[1] Boulding had one conviction for more than fifty grams of crack and one for more than five; the actual offense conduct involved 650.4 grams of crack and the Government had filed a prior drug offense Information.

> 2. Interpret the words of the statute immediately in question so as
> to carry out the purpose as best it can, making sure, however, that
> it does not give the words either (a) a meaning they will not bear,
> or (b) a meaning which would violate any established policy of
> clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169. But the First Step Act does not authorize federal judges to reduce the sentence of any person they have sent to prison because the judge feels further incarceration is not warranted. Instead, the First Step Act authorizes application of the Fair Sentencing Act to those sentenced for crack cocaine offenses before the Fair Sentencing Act was passed. Keith Dewitt is not such a person in that he was not sentenced for a crack cocaine offense.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge remains persuaded that Dewitt is not eligible for resentencing under the First Step Act. His Motion for that relief should be denied.

August 14, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).