# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:98-cr-081
                                          Also Case No. 3:12-cv-183

                                          District Judge Walter H. Rice
- vs -                          Magistrate Judge Michael R. Merz

KEITH DEWITT, SR.,

          Defendant.    :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 558) to the Magistrate Judge's pending Supplemental Report and Recommendations under the First Step Act (the "Supplemental Report," ECF No. 557). The Government has timely responded to the Objections (ECF No. 560) and District Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 559).

Dewitt, represented by Assistant Federal Defender Schad, moved to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "Act"). The Original Report recommended denying the Motion upon finding Dewitt is not eligible for a reduction under the Act (ECF No. 553, PageID 2724). Analyzing Dewitt's Objections to that Original Report which seemed to depend largely on applying the analysis of *Apprendi v. New*

1

*Jersey*, 530 U.S. 466 (2000), the Magistrate Judge again recommended finding Dewitt was ineligible for sentence reduction under the First Step Act (Supplemental Report, ECF No. 557).

Dewitt's present Objections disclaim making any *Apprendi* claim although they note Dewitt previously did make a claim under *Apprendi* on November 7, 2000, in his ps motion to withdraw his guilty plea (ECF No. 558, PageID 2748).

The Objections correctly summarize the Magistrate Judge's analysis: Dewitt is not eligible for a sentence reduction under the First Step Act because he was not sentenced for a "crack cocaine" offense. Instead, he was sentenced on his plea of guilty to conspiring to distribute in excess of one kilogram of heroin and five kilograms of cocaine. The fact that some quantity of crack cocaine was present in the five kilograms of cocaine charged against Dewitt is immaterial.

The case law relied on by Dewitt is neither controlling nor persuasive. In *United States v. Medina,* 2019 WL 3766392 (D.Conn. Aug. 9, 2019), defendant was convicted of a "conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine and five kilograms or more of powder cocaine. *Id.* at *1. In the course of his decision, Judge Underhill notes that the purpose of both the Fair Sentencing Act and the First Step Act was to "mitigate[e] the unfairness created by the crack-to-powder ratio" that applied in crack cocaine offenses prior to the Fair Sentencing Act. Dewitt was not impacted by that earlier crack-to-powder ratio.

*United States v. Williams*, 2019 WL 3251520 (D.S.C. Jul. 19, 2019), involved a charge of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base. The jury had been instructed they could convict on the relevant count upon finding either five kilos of powder or 50 grams of crack and the jury did not specify which they found.

*United States v. Stone*, 2019 WL 2475750 (N.D. Ohio Jun. 13, 2019), involved a pre-*Apprendi* case from 1996 where defendant was charged with conspiracy to distribute cocaine

and/or cocaine base and the jury was not asked to make quantity determinations which they judge made at sentencing. When Stone sought relief under the First Step Act, the court had to determine if *Apprendi* applied and concluded that it did, resulting in a lowered sentencing range. Here again the charge relating to cocaine base is evident on the face of the indictment.

Finally, in *United States v. Opher*, 2019 WL 3297201 (D.N.J. Jul. 23, 2019), defendants had been charged with both five kilograms or more of powder cocaine and fifty grams or more of crack. Judge Hayden expressly found that eligibility for reduction under the First Step Act depended on the statute of conviction and not the offense conduct or drug quantities.

Keith Dewitt was not charged with any offense whose mandatory minimum sentence would have been affected by the Fair Sentencing Act had he been sentenced after it became effective. Therefore he is not eligible for a sentence reduction under the First Step Act. His Motion for that Relief (ECF No. 538) should be denied.

January 2, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.