IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　　:

　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　Case No. 3:98-cr-81(1)

　　　v.　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　JUDGE WALTER H. RICE

KEITH W. DEWITT,

　　　　　Defendant.　　　　　　　　:

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #553), SUPPLEMENTAL REPORT AND
RECOMMENDATIONS (DOC. #557) AND SECOND SUPPLEMENTAL
REPORT AND RECOMMENDATIONS (DOC. #562); SUSTAINING IN
PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS
THERETO (DOCS. ##554, 558, 563); SUSTAINING DEFENDANT'S
FIRST STEP ACT MOTION (DOC. #538) AND FINDING DEFENDANT
ELIGIBLE FOR A SENTENCE REDUCTION; DIRECTING UNITED
STATES PROBATION OFFICER TO SUBMIT AN UPDATED
PRESENTENCE INVESTIGATION REPORT, TO BE FOLLOWED BY
SUPPLEMENTAL BRIEFING AND ORAL ARGUMENT

---

I.

In January of 2000, Defendant Keith Dewitt pled guilty to Count 1 of the

Indictment, which charged him with Conspiracy to Possess with Intent to

Distribute and Distribute in Excess of 5 Kilograms of Cocaine (including cocaine

base which is commonly referred to as crack cocaine) and in Excess of 1 Kilogram

of Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  He also pled guilty to

Money Laundering (Count 4), and Making False and Fraudulent Statements (Count 6).

At that time, the statutory penalty for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), as charged in Count 1, was ten years to life in prison. Following a two-day sentencing hearing, the Court adopted the Probation Officer's finding, as set forth in the Presentence Investigation Report, that Defendant possessed with intent to distribute 485.99 grams of cocaine base, which was equal to 9,719.8 kilograms of marijuana. Added together with the other drugs attributable to Defendant, the total quantity of drugs equaled 15,319.4 kilograms of marijuana, which resulted in a base offense level of 36. Additional points were added for possession of a firearm and Defendant's aggravating role in the offense, raising the total offense level to 42. With a criminal history category of I, Defendant's then-mandatory sentencing guideline range was 360 months to life imprisonment.

The Court also found by a preponderance of the evidence that, during the course of the drug conspiracy, Defendant murdered one individual and aided and abetted the murder of another. In 2004, the Court sentenced him to life imprisonment on Count 1, 240 months on Count 4, and 36 months on Count 6, to all run concurrently. On July 17, 2006, at a post-*Booker* resentencing hearing, the Court reimposed the same sentence, which was later affirmed by the Sixth Circuit Court of Appeals. *United States v. Dewitt*, 304 F. App'x 365 (6th Cir. 2008).

To reduce the sentencing disparity between offenses involving crack cocaine and those involving powder cocaine, the United States Sentencing

2

Commission later lowered the base offense level for crack cocaine convictions by two levels. This was made retroactive by Amendment 706. In 2009, Defendant filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). He noted that, under the revised guidelines, his base offense level would be reduced from 36 to 34, resulting in a new sentencing guideline range of 292-365 months. Doc. #419. The Court overruled his motion because, although Defendant was eligible for a sentence reduction, he represented a serious danger to the safety of the community. Doc. #424.

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) by increasing the threshold quantity of crack cocaine needed to trigger the ten-year mandatory minimum sentence from 50 grams or more to 280 grams or more. Amendments 750 and 759 to the United States Sentencing Guidelines ("U.S.S.G.") also further reduced the base offense level for most crack cocaine offenses. In 2016, in reliance on the Fair Sentencing Act and these amendments, Defendant filed another motion for a reduction of his sentence. Doc. #489. The Court again overruled the motion, citing serious public safety concerns. Doc. #507. In February of 2019, the Sixth Circuit Court of Appeals affirmed the order denying Defendant's motion. *See* Doc. #530.

## II.

This matter is currently before the Court on Defendant's motion to reduce his sentence pursuant to the First Step Act of 2018. Doc. #538. The First Step Act

3

made retroactive the Fair Sentencing Act of 2010. Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may, on the motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Nothing in the First Step Act, however, *requires* a court to reduce a sentence. A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

The new guideline amendments under the Fair Sentencing Act reduce Defendant's advisory sentencing guideline range to 235-293 months. Citing his significant rehabilitation efforts in prison, he asks the Court to reduce his sentence from life in prison to a term of 250 months.

In support of this request, Defendant notes that he pled guilty in January of 2000. Just months later, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

Defendant argues that, had he been sentenced post-*Apprendi*, the Court would have been limited to the lowest statutory range of 0-20 years for a controlled substance offense (as set forth under 21 U.S.C. § 841(b)(1)(C)), because

4

there was no admission and no jury finding concerning the exact quantity of drugs involved in the offense.

The Indictment charges Defendant with conspiracy to possess with the intent to distribute and to distribute "in excess of one kilogram of heroin . . . and in excess of five kilograms of cocaine (including cocaine base. . .)," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In the plea agreement, Defendant acknowledged that he was subject to a mandatory minimum sentence of ten years up to life imprisonment on Count 1. He also acknowledged that the Government would recommend a base offense level of 36, "determined by the readily provable amount of all charged controlled substances attributable to Keith W. Dewitt." Doc. #220, PageID#2443. Likewise, at the plea colloquy, he acknowledged that the statutory sentence for Count 1 would be between 10 years and life imprisonment. Doc. #275, PageID#1826. However, Defendant did not specifically admit, either in the plea agreement or in the plea colloquy, that he conspired to possess with intent to distribute any specific amounts of crack cocaine, powder cocaine or heroin.

The Government did not file a memorandum in opposition to Defendant's First Step Act motion.

III.

Defendant's First Step Act motion has been the subject of numerous Reports and Recommendations, and numerous Objections from both parties.

5

Many of the issues debated at length in these filings have been resolved by subsequent case law. Nevertheless, in the interest of completeness, the Court will review the procedural history as it relates to Defendant's motion.

In 2019, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #545, finding that Defendant was eligible for a sentence reduction under the First Step Act. He recommended an updated Presentence Investigation Report ("PSR") and a re-sentencing hearing.

The Government filed Objections to the Report and Recommendations. Doc. #548. It noted that, although no drug quantities were included in the Indictment or the plea agreement, the Probation Officer, in the Presentence Investigation Report, attributed 4,000 grams of heroin, 7,000 kilograms of cocaine, and 485.99 grams of crack cocaine to Defendant.

Although the Fair Sentencing Act increased the threshold amount of crack cocaine necessary to support a sentence of ten years to life imprisonment under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, the statutory penalty remained the same for Defendant because the amount of crack cocaine attributable to him exceeded the threshold both *before and after* the Fair Sentencing Act. The Government therefore argued that, regardless of whether the advisory sentencing guidelines had reduced Defendant's base offense level, Defendant was not eligible for a sentence reduction under the First Step Act because his *statutory* penalty was not modified. As to Defendant's *Apprendi*

argument, the Government argued that the First Step Act does not expressly authorize retroactive application of the *Apprendi* rule.

Based on the Government's Objections, Magistrate Judge Merz withdrew his Report and Recommendations, Doc. #549, and directed Defendant to file a response to the Objections. Therein, Defendant argued that, because he was sentenced under 18 U.S.C. §841(b)(1)(A), a federal criminal statute "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," his was a "covered offense," rendering him eligible for a reduced sentence under the First Step Act.

Defendant also continued to argue that, under *Apprendi*, because there was no jury finding and no admission that more than 280 grams of crack cocaine were involved in the offense of conviction, the Government could no longer rely on that amount to trigger a statutory range of ten years to life.

Magistrate Judge Merz then issued another Report and Recommendations, Doc. #553, concluding that Defendant was not entitled to relief under the First Step Act. He held that Defendant waived any *Apprendi* argument by not raising it at the sentencing hearings in 2004 and 2006, or on appeal, and that any such claim was procedurally defaulted. He further held that the *Apprendi* claim failed on the merits, given that a sentence of life imprisonment was, in fact, authorized under 18 U.S.C. § 841(b)(1)(A), and the Court did not sentence him above that statutory maximum. He noted that the threshold amount of drugs necessary to trigger a sentence of ten years to life imprisonment under § 841(b)(1)(A), *i.e.*, more

7

than one kilogram of heroin and more than five kilograms of cocaine, was charged in the Indictment, and Defendant pled guilty to that Count.

Defendant filed Objections to the Report and Recommendations, Doc. #554. He argues that, under *Apprendi*, it is not enough that the Indictment charged greater than threshold quantities of crack cocaine, powder cocaine and heroin. He never assented to those quantities, and they were not proved beyond a reasonable doubt at the plea hearing. According to Defendant, given that there was no determination of any drug quantity which could be found to trigger the higher statutory range, it cannot be said that the statutory maximum penalties were not affected by First Step Act.

In addition, Defendant argues that the question of whether *Apprendi* applies retroactively to cases on collateral review is distinct from the question of whether it is binding on a court that resentences a defendant under the First Step Act. He notes that he is not challenging his sentence based on an alleged *Apprendi* violation. Rather, he is simply arguing that, if he is resentenced under the First Step Act, the Court should take *Apprendi* into consideration in determining an appropriate reduced sentence. Citing *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987), Defendant argues that there can be no procedural default in applying Supreme Court precedent determined before Defendant's case became final.

Magistrate Judge Merz then issued a Supplemental Report and Recommendations, Doc. #557, again concluding that Defendant was not eligible for resentencing under the First Step Act. He again found that Defendant had

8

forfeited any *Apprendi* claim by not raising the issue at sentencing or on direct appeal. He also noted that, in affirming the post-*Booker* sentence, the Sixth Circuit held that, because the district court did not impose a sentence that exceeded the statutory maximum, the decision to enhance the sentence based on facts that the court found by a preponderance of the evidence did not violate Defendant's Sixth Amendment rights. *Dewitt*, 304 F. App'x at 369.

Defendant admitted the facts pled in Count 1 of the Indictment, including participation in a conspiracy involving more than the threshold quantities of drugs necessary to trigger a sentence of 10 years to life. According to Magistrate Judge Merz, this was sufficient to satisfy *Apprendi*. He found that many of the cases cited by Defendant were inapplicable because Defendant was not specifically sentenced for a "crack cocaine" offense.

Defendant filed Objections to the Supplemental Report and Recommendations, Doc. #558. He notes that he pled guilty to a violation of 21 U.S.C. § 846 involving crack cocaine, and he was sentenced in accordance with 21 U.S.C. § 841(a)(1). He again argues that this was a "covered offense," rendering him eligible for resentencing under the First Step Act, which also applies to "mixed" drug cases involving both powder and crack cocaine. He points out that nothing in the Indictment, the plea agreement or the plea colloquy identifies which amounts or which types of drugs triggered the mandatory minimum sentence. Moreover, he argues that Magistrate Judge Merz's finding that he was not sentenced for a crack cocaine offense is belied by the Presentence

Investigation Report, which makes clear that the 485.99 grams of crack cocaine accounted for almost two-thirds of the total drug amounts used to determine the sentencing guideline range.

Defendant again clarified that he is not asserting an independent *Apprendi* claim, but instead arguing that the constitutional principles set forth in *Apprendi* should be applied to any resentencing under the First Step Act.  Finally, to the extent that Magistrate Judge Merz suggests that he waived any *Apprendi* claim, Defendant notes that he did raise this issue in 2000, in his *pro se* motion to withdraw his guilty plea, Doc. #268.[1]

In its response to Defendant's Objections, Doc. #560, the Government again argues that he is not eligible for resentencing under the First Step Act because the Fair Sentencing Act does not lower the statutory penalties with respect to the specific violations to which he pled guilty.  Given that he pled guilty to conspiring to possess with intent to distribute in excess of five kilograms of cocaine and in excess of one kilogram of heroin, he remains subject to the same statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A).

Magistrate Judge Merz then issued a Second Supplemental Report and Recommendations, Doc. #562.  He found that it was immaterial that some quantity of crack cocaine was included in the quantity of cocaine alleged in the Indictment.

_____

[1]  In a subsequent filing, the Court noted that this motion was not adopted by defense counsel, and therefore not ruled upon.  The Court noted, however, that *Apprendi* was not implicated because Defendant was not sentenced above the statutory maximum.  Doc. #483.

He concluded that, because Defendant was not charged with any offense whose mandatory minimum sentence was impacted by the Fair Sentencing Act, he was not eligible for a sentence reduction under the First Step Act.

Defendant again filed Objections to the Second Supplemental Report and Recommendations, Doc. #563, citing cases holding that *Apprendi* applies to resentencing under the First Step Act. He further argues that because he did not assent to the specific amounts of drugs charged in the Indictment, he cannot be held responsible for those quantities in determining his eligibility for resentencing under the First Step Act.

Defendant later submitted two Notices of Supplemental Authority, Docs. ##565, 566. He notes that, in *United States v. Boulding*, 960 F.3d 774, 781 (6th Cir. 2020), the Sixth Circuit held that eligibility for resentencing under the First Step Act turns on the statute of conviction alone, and not on the defendant's particular circumstances. In *United States v. Winters*, 986 F.3d 942, 948 (5th Cir. 2021), the Fifth Circuit held that multi-object drug conspiracies, involving crack cocaine and other types of drugs, qualify for First Step Act consideration, because the reduction of a minimum sentence for even one of the objects of a multi-object conspiracy could lead the district judge to revise a sentence downward.

## IV.

Having thoroughly reviewed the case file and the applicable law, which has evolved quite a bit since the time Defendant's First Step Act Motion was filed, the

Court finds that Defendant is eligible for resentencing under the First Step Act. To the extent that Magistrate Judge Merz concluded otherwise, the Court REJECTS his Reports and Recommendations, Docs. ##553, 557, 562, and SUSTAINS Defendant's Objections thereto, Docs. ##554, 558, 563.

As the Sixth Circuit held in *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), "eligibility for resentencing under the First Step Act is a categorical inquiry governed by the statute of conviction." *Id.* at 775. If the defendant was convicted of a federal criminal statute, the statutory penalties for which were modified by the Fair Sentencing Act, including crack cocaine offenses under 21 U.S.C. § 841(b)(1)(A) or (B), then he is eligible for resentencing. The defendant's specific conduct, including the quantity of drugs at issue, does not factor into the equation. *Id.* at 779. *See also United States v. Mitchell*, 832 F. App'x 387, 389 (6th Cir. 2020) ("quantity findings for an offense go to the court's discretionary determination, not its eligibility determination."); *United States v. Wynn*, 844 F. App'x 858 (6th Cir. 2021) (holding that defendant was eligible for resentencing even though, based on the large quantity of drugs involved, the statutory penalties applicable to defendant were not modified by the Fair Sentencing Act); *United States v. Barber*, 966 F.3d 435, 436 (6th Cir. 2020) (holding that, even though Barber was "responsible for over 740 grams of cocaine base, an amount that would have easily cleared the 280-gram threshold[,]" defendant was eligible for resentencing under the First Step Act because eligibility turns only on the statute of conviction.).

12

In this case, the federal criminal statute at issue is 21 U.S.C. § 841(b)(1)(A). To ease the disparity between sentences imposed for crack and powder cocaine offenses, the statutory penalties for violations of that statute "were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Accordingly, Defendant is eligible for resentencing.

Defendant, however, is <u>not</u> entitled to a plenary resentencing. *Boulding*, 960 F.3d at 782. As to what factors the Court may consider in determining whether to exercise its discretion to reduce Defendant's sentence, the Court notes that, in *Boulding*, the Sixth Circuit held that authorization for resentencing under the First Step Act stems from 18 U.S.C. § 3582(c)(1), which allows the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Under this subsection, there are few restraints. The Court may consider all relevant factors. At a minimum, this includes "an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784. The Court may also consider post-sentencing conduct and rehabilitation efforts. *United States v. Maxwell*, 991 F.3d 685, 691 (6th Cir. 2021).

The Defendant must have the "opportunity to present objections, subject to reasonableness review on appeal." *Boulding*, 960 F.3d at 784. "Whether such an opportunity takes the form of a written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion." *Id.*

13

To facilitate resentencing in this case, the Court DIRECTS the United States Probation Officer to submit an updated Presentence Investigation Report within 45 days of the date of this Decision and Entry. The Court will then set a conference call to discuss a briefing schedule and set a date for oral argument, whether in person or virtually.

## V.

Having determined that Defendant is eligible for resentencing under the First Step Act and established procedures for moving forward, the Court turns to the question of what effect, if any, *Apprendi* will have on the resentencing process.

In *Maxwell*, the Sixth Circuit held that, in resentencing a defendant under the First Step Act, the court may consider "intervening legal and factual developments." 991 F.3d at 691. This includes consideration of the impact that *Apprendi* would have had on the defendant's statutory sentencing range. The case of *United States v. Ware*, 964 F.3d 482 (6th Cir. 2020), is instructive in this regard. Ware appealed the district court's order denying his First Step Act motion to reduce his sentence, which was imposed before *Apprendi* was decided. He argued that the district court failed to adequately consider that, if he were sentenced today, he could be "lawfully sentenced only under 21 U.S.C. § 841(b)(1)(C), which would impose a statutory cap of 20 years per count," given that a jury did not make any drug-quantity findings.

14

Although the court, in *Ware*, acknowledged that "*Apprendi* does not apply retroactively to cases on collateral review," it noted that the defendant was not seeking to apply *Apprendi* retroactively as an independent basis for disturbing his previously-imposed sentence. Rather, he was simply asking the court, in determining whether to reduce his sentence under the First Step Act, to consider the impact that *Apprendi* would have had on his statutory sentencing range. *Id.* at 489.

The Sixth Circuit held that the district court did not abuse its discretion in considering that, under *Apprendi*, the "statutory maximum would have been lower because specified drug amounts were not found by the jury or charged in the indictment." *Id. See also United States v. Lawson*, 824 F. App'x 411, 412 (6th Cir. 2020) (holding that, when "deciding whether to grant a defendant's motion under the First Step Act, the district court may consider—as simply a 'factor' under 18 U.S.C. § 3553—that the defendant was sentenced based in part on what would now be considered a legal mistake.").

As in *Ware,* Dewitt is not asserting an *Apprendi* violation as an independent basis for modifying his sentence. Accordingly, any arguments concerning waiver or procedural default are inapplicable. Defendant is simply asking the Court, in adjudicating his First Step Act motion, to consider the fact that, if he were sentenced today, his statutory sentencing range may be different. To the extent that Magistrate Judge Merz found that any *Apprendi* argument was barred by

15

waiver or procedural default, the Court SUSTAINS Defendant's Objections and REJECTS the Reports and Recommendations on this issue.

Nevertheless, to the extent that Magistrate Judge Merz found that Defendant's *Apprendi* argument fails on the merits, the Court ADOPTS the Reports and Recommendations and OVERRULES Defendant's Objections.

This case is factually distinguishable from *Ware*. In *Ware*, not only did the jury make no specific findings as to drug quantity but, in addition, no drug quantities were charged in the Indictment. *See Ware*, 964 F.3d at 486, 489. The court held that, under these circumstances, Ware could not be sentenced under 21 U.S.C. § 841(b)(1)(A) or (B), because "these provisions increase the statutory maximum based on specified drug amounts." *Id.* at 485.

In contrast, Dewitt's Indictment charges him with conspiring to "possess with the intent to distribute and to distribute in excess of one kilogram of heroin . . . and in excess of five kilograms of cocaine (including cocaine base which is commonly referred to as crack cocaine) . . . in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)." Doc. #1, PageID#2. Section 841(b)(1)(A) mandates a penalty of 10 years to life imprisonment if these threshold quantities are met.

Although Defendant did not specifically admit that he participated in a conspiracy involving more than one kilogram of heroin or more than five kilograms of cocaine, he did specifically acknowledge, both in the plea agreement and at the plea colloquy, that he was subject to a sentence of 10 years to life

16

imprisonment on Count 1.  In the plea agreement, he also acknowledged that the

Government would recommend a base offence level of 36, "determined by the

readily provable amount of all charged controlled substances attributable to

[him.]"  Implicit in these acknowledgments is Defendant's admission that the

quantity of drugs involved in the conspiracy (heroin, powder cocaine or crack

cocaine) was sufficient to trigger the penalties set forth in § 841(b)(1)(A), as

charged in the Indictment.

Moreover, any argument to the contrary is foreclosed by the Sixth Circuit's

decision on appeal following Defendant's post-*Booker* resentencing.  The Sixth

Circuit rejected Defendant's argument that the district court violated his Sixth

Amendment rights by increasing his guideline range based on factors such as the

drug amounts, which were not admitted as part of the plea agreement.  It noted

that "[o]nly facts that cause the sentence to exceed the statutory maximum must

be 'admitted by the defendant or proved to a jury beyond a reasonable doubt.'"

*Dewitt*, 304 F. App'x at 369 (quoting *United States v. Booker*, 543 U.S. 220, 244

(2005)).

The Sixth Circuit noted that Dewitt was sentenced to life imprisonment,

which was "the statutory-maximum punishment for conspiracy to possess with

intent to distribute more than one kilogram of heroin and five kilograms of

cocaine.  21 U.S.C. § 841(b)(1)(A)." *Id.*  The court concluded that "[b]ecause the

sentence imposed by the district court does not exceed the statutory maximums,

we hold that the district court's decision to enhance Dewitt's sentence based on

facts that the district court found by a preponderance did not violate Dewitt's Sixth Amendment rights." *Id.*

In short, although the Court is not prohibited from considering the rule of *Apprendi* in resentencing Defendant under the First Step Act, Defendant's argument fails on the merits.

## VI.

For the reasons set forth above, the Court ADOPTS IN PART AND REJECTS IN PART United States Magistrate Judge's Report and Recommendations (Doc. #553), Supplemental Report and Recommendations (Doc. #557), and Second Supplemental Report and Recommendations (Doc. #562). The Court SUSTAINS IN PART AND OVERRULES IN PART Defendant's Objections Thereto (Docs. ##554, 558, 563).

The Court SUSTAINS Defendant's First Step Act Motion (Doc. #538) and concludes that Defendant is *eligible* for a sentence reduction. Within 45 days of the date of this Decision and Entry, the United States Probation Officer assigned to this case shall submit an updated Presentence Investigation Report. The Court will then set a conference call to set deadlines for supplemental briefing and a date for oral argument, either in person or virtually.

Date: January 13, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE